

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 28 2018

JAMES W. McCORMACK, CLERK
.By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

PATRICIA WALKER-SWINTON                                    PLAINTIFF

v.                    Case No. _4:18-cv-886-KGB_

PHILANDER SMITH COLLEGE, AND
DR. RODERICK SMOTHERS, SR., PRESIDENT,
IN HIS INDIVIDIAL AND OFFICIAL CAPACITY,
AND DR. ZOLLIE STEVENSON, JR.,VICE-PRESIDENT,
ACADEMIC AFFAIRS, IN HIS INDIVIDIAL AND
OFFICIAL CAPACITY                                    DEFENDANTS

## I.    COMPLAINT

Comes now the Plaintiff, by and through her attorney, Teresa Bloodman,

and for her Complaint states:

## II.    NATURE OF THE CASE

1. This is an employment discrimination case, brought pursuant to the

provisions of the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the

Civil Rights Act of 1991("Section 1981"); Title VII of the Civil Rights Act of

1964, 42 U.S.C. §§2000e, et seq., as amended ("Title VII"); the Arkansas Civil

Rights Act of 1993.  The plaintiff alleges that the Defendants engaged in, and

continue to engage in, a pattern and practice of employment discrimination, both

intentional and systemic, on the basis of gender and age against the plaintiff. The

Defendants' discriminatory practices include, but are not limited to harassment,

1   **This case assigned to District Judge _Baker_**
   **and to Magistrate Judge _Deere_**

and retaliation on the basis of gender, discrimination in job assignment, equal pay and compensation as alleged in this complaint. The plaintiff seeks declaratory, and equitable monetary relief from these practices; compensatory and punitive damages; equitable remedies of accounting, restitution and disgorgement; and an award of costs, expenses, and attorneys' fees.

### III.   JURISDICTION AND VENUE

2.   This is an action to vindicate violations of the Plaintiffs' civil rights and to redress the unlawful and discriminatory conduct and employment practices of the Defendants.  This is also an action for retaliation against the Plaintiff for exercising certain statutory and constitutional rights arising out of Plaintiffs' employment at the institution of the defendants.

3.   This cause of action arises as a result of the termination from Plaintiffs' employment base in whole or in part, upon her gender, female, and age, 47, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 2000(e) et seq,, and the Civil Rights Act of 1866, as amended and 42 U.S.C. Sections 1981 and 1983, § 12112(b), Arkansas Civil Rights Act of 1993, and to redress discrimination on grounds of gender and age and in the terms and conditions of employment harassment, and retaliation, and equal pay and for back and front pay, for declaratory relief, compensatory and punitive damages to redress the deprivation of her rights from discriminatory and employment practices on the

basis of gender and age including her wrongful termination on the basis of gender, retaliation, age, equal pay, and attorney's fees and costs.

4.      Jurisdiction of this Court is invoked pursuant to and in accordance with 28 U.S.C. §1343(3) and 28 U.S.C. §1343(a) (4), which provides jurisdiction of claims brought to enforce federal rights guaranteeing and providing equal protection under the Constitution and the laws of the United States.  The Court also has jurisdiction pursuant to 28 U.S.C. §1331, as well as 42 U.S.C. §2000e-5(f) (3).

5.      This Court further has jurisdiction pursuant to section 706(f)(3) of Title VII, 42 U.S.C. §2000e(5)( c) and (f)(3) and under Rule 18 of the Federal Rules of Civil Procedure and pendent jurisdiction.

6.      Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and 42 U.S.C. §2000-5(f)(3).  Philander Smith College is subject to personal jurisdiction in this district in that it maintains an institution, facilities and business operations in this district, employs or employed the plaintiff in this district, and committed the discriminatory acts alleged herein in this district.

7.      Intradistrict Assignment. Venue is proper in the Little Rock Division of this Court pursuant to Local Rule 77.1 because a substantial part of the events which give rise to the claims asserted in this complaint occurred in Pulaski County. In particular, the defendant, Philander Smith College employed the plaintiff in its

institution in Little Rock, Pulaski County, Arkansas, and there committed acts of discrimination in employment as alleged in this complaint.

8.    This court has both personal and subject matter jurisdiction.

9.    The cause of action arose within the jurisdiction of the United States District Court for the Eastern District of Arkansas. Further, this court has jurisdiction as there is a federal question or controversy and pursuant to 28 U.S.C. § 1331 et seq., 42 U.S.C.§ 1981, 42 U.S.C. § 1983, 42 U.S. C. §§ 2000d. At all times herein, the defendants were acting under color of State law. 42 U.S.C. § 1983. This Court also has pendent jurisdiction over the plaintiff's state law claim asserted herein. That the Arkansas State Constitution, Article 14 provides to the right of each and every eligible citizen or resident the right to an education, equal access to an education and to equal protection as applied to the States under the terms of the United States Constitution and the laws of the United States of America.

10.    The unlawful employment practices alleged below were committed within the State of Arkansas, Pulaski County, Arkansas.

4

## IV. ADMINISTRATIVE PROCEDURE

11.     Plaintiff, Patricia Walker-Swinton, filed charges against the Defendants with the Little Rock, AR, Office of the Equal Employment Opportunity Commission (hereinafter, EEOC) WITHIN (180) days of the occurrences of the acts, on which this complaint is based.  Plaintiff has received a Right-to-Sue Letter from the Little Rock, AR Office of the EEOC in regard to this claim for gender, and age discrimination and equal pay, and retaliation when her employment was terminated. (Exhibit 1)

## V. PARTIES

12.     Plaintiff, Patricia Walker-Swinton, is an African American, female, aged forty-seven (47), who was an employee of the defendant, Philander Smith College until her employment was terminated on or about June 27, 2018.

13.     Plaintiff, Patricia Walker-Swinton, was an employee, instructor, at Philander Smith College at the time of the actions complained of in this complaint.

14.     Defendant Roderick Smothers, Sr., is a male employee of Philander Smith College, the president, and acting individually and in his official capacities at all times giving rise to this cause of action violated Plaintiffs' rights.

15.     Defendant, Zollie Stevenson, Jr., is a male employee at Philander Smith College, the vice president of Academic Affairs, and acting individually and

in his official capacities at all times giving rise to this cause of action violated Plaintiff's rights.

16.   Upon information and belief, the individually named Defendants reside in Pulaski County.

17.   Upon information and belief, and at all times relevant hereto, the College is an institution located within the State of Arkansas, organized, acting, and existing pursuant to the laws of the State of Arkansas. At all relevant times, Defendant College is located in Pulaski County, Arkansas and was the employer of the individually named Defendants. At all relevant times, Defendant College had the power, right, and duty to control the manner in which the individually named Defendants carried out the objectives of their employment and to see that all orders, rules, instructions, and regulations promulgated by the College were consistent with the applicable state and federal laws and constitutions.

## VI. FACTS

18.   Plaintiff restates and incorporates herein by reference the preceding paragraphs of her Complaint as if fully set forth herein word for word.

19.   In July 201, Plaintiff was hired by Philander Smith College (hereinafter "PSC"), as a Reading and English coach.

20.   Plaintiffs' contracted salary was $30,000 annually.

21.   In August 2011, Plaintiff began additional employment positions

serving as English and Reading Coach in the Academic Success Center and later as sponsor of the cheer teams.

22.     In May 2012, Plaintiff was promoted to full time English Instructor.

22.     In the summer of 2012, Plaintiff created the college's cheer and dance team known as the PSC Panther Dolls.

23.     Plaintiffs' additional employment title was Director / Coach of Cheer and Dance.

24.     Plaintiffs' stipend for the extra positions of Director / Coach of Cheer and Dance was $4,000.00 for the school year.

25.     In August of 2012, Plaintiff received a raise to $34,000 as the English Instructor.

26.     During the fall semester 2013, Plaintiff s' supervisor was Dr. Hazel Ervin.

27.     In 2013, Plaintiff created the Division of General Education for PSC.

28.     In the spring of 2014, Plaintiff was promoted to the Interim Chair for the Division of General Education and appointed as the Writing Coordinator for the Academic Success Center.

29.     In January 2014, Plaintiff received a raise to $40,000.

30.     In the summer of 2014, Plaintiff represented PSC as the English Instructor for the Donaldson Scholars Program.

31.    In the 2014-2015, athletic season, Plaintiff received a stipend of $4,000 serving as the "Director / Coach of Cheer and Dance" for the PSC Panther Dolls.

32.    In January 2015, defendant Smothers was hired as President of Philander Smith College.

33.    In the summer of 2015, Plaintiff was compensated $3,000.00 to teach English in PSC's S.T.A.R.T. program.

34.    In the summer of 2015, Chris Smith, a member of the college leadership team used abusive language in the presence of defendant Smothers.

35.    Mr. Smith was not terminated for this behavior.

36.    In the fall of 2015, Plaintiff complained to defendant Smothers, that she was not paid for duties she performed with S.T.A.R.T.

37.    Beginning 2015-2018, Plaintiff complained that she was not paid on time for her Director/Coach duties for PSC Panther Dolls.

38.    Beginning 2015 through 2018, Plaintiff complained to defendant Smothers and defendant Stevenson that she was not paid at the same rate as the other younger male coaches that were similarly situated.

39.    Beginning 2015 through 2018, Plaintiff complained to defendant Smothers and defendant Stevenson that she was treated differently than the similarly situated younger male coaches.

8

40.     In the 2015-2016, Plaintiff complained that she had not been paid the $5,000 stipend for her Interim Chair duties.

41.     In the summer of 2016, Plaintiff worked as an English instructor for the S.T.A.R.T. and was paid $2,000 per class.

42.     In the summer of 2016, Plaintiff served as Coordinator of Faculty & Academics for the S.T.A.R.T. program and was compensated $5,000.

43.     Throughout the 2016-2017, academic year, Plaintiff continuously complained to the college after she was not paid for her "Director / Coach of Cheer and Dance" duties with the PSC Panther Dolls; she was finally compensated after the school year ended.

44.     During the 2016-2017, academic year, Plaintiff did not receive the $5,000 stipend for Interim Chair duties until after making complaint to the PSC department chairs –thereafter receiving her stipend after the school year ended.

45.     During the 2017, academic year, Plaintiff served as the Coordinator for Faculty & Academics in the S.T.A.R.T. program and expected a stipend of $5,000.

46.     Philander Smith College breached the agreement to pay $5,000 to the Plaintiff; instead paid her $3,000.

47.     In August 2017, Plaintiff made complaints to defendant Stevenson about the reduced payment.

48.     In September 2017, Plaintiff made complaints to defendant Stevenson about not receiving her Interim Chair stipend.

49.     In October 2017, after Plaintiff s' complaints regarding the reduced stipend from the S.T.A.R.T. program and not receiving the Interim Chair stipend, PSC removed Plaintiff from Interim Chair duties.

50.     In February 2018, Plaintiff made complaints to defendant Stevenson regarding the unresolved issues of non-payment for services rendered and lack of equal pay for her job duties as Director of Cheer/Dance and Coach of the PSC Panther Dolls.

51.     During the March 29, 2018, Convocation, Defendant Smothers, publicly "threatened" students by saying "I will personally put your asses on a bus back to Louisiana." More than 25 attendees, including parents and students, heard the statement.

52.     In the Spring of 2018, Plaintiff made complaints to Nathan Cochran, Office of the President, about PSC's failure to pay the stipend for "Director / Coach of Cheer and Dance" duties with the Panther Dolls and the equal pay issues.

53.     On April 9, 2018, Plaintiff was threatened by a student, Jaylyn Morris (hereinafter "Morris) in her classroom.

54.     The student threatened to "slap the fuck out of" Plaintiff and to "beat her ass."

55.     On April 9, 2018, Plaintiff notified defendant Smothers of the classroom assault and threat against her life.

56.     On April 9, 2018, Plaintiff contacted PSC Security Chief Arthur Williams, and reported the classroom incident.

57.     Chief Williams did not investigate Plaintiffs' complaint.

58.     On or about April 10, 2018, Plaintiff was contacted by defendant Stevenson to meet for discussion surrounding the classroom incident involving the student's assault on Plaintiff.

59.     The attendees in the meeting included Abtin Mehdizadegan, PSC attorney, Defendant Stevenson, and Dr. Dakota Doman, Vice President of Student Affairs.

60.     On April 10, 2018, Plaintiff complained to defendant Stevenson of concerns for her safety on the PSC campus and requested protection.

61.     On or about April 10, 2018, Plaintiff advised Abtin Mehdizadegan and defendant Stevenson of the existence of an audio video file of the classroom incident and provided the name of students holding the video.

62.     On or about April 23, 2018, after the college did nothing to address

her safety concerns Plaintiff shared the classroom video with the Pulaski County

Prosecuting Attorney's Office seeking protection from Morris.

63.     On June 27, 2018, Plaintiff was wrongfully discharged by PSC

because of complaints she made regarding unequal pay to that of her younger and

male co-workers.

64.     As a result of the Defendants actions, Plaintiff has suffered damages.

### VII. CAUSE OF ACTION
### VIOLATION OF TITLE VII
### GENDER AND AGE

65.     Plaintiff restates and incorporates herein by reference the preceding

paragraphs of her Complaint as if fully set forth herein word for word.

66.     Plaintiff is an individual entitled to the protection of Title VII, and, as

a female, is protected against discrimination based on her gender.

67.     Notwithstanding Plaintiff 'work history and dedication to the college,

she was discharged because of her gender in violation of Title VII of the Civil

Rights Act of 1964.

68.     On July 30, 2015, Chris Smith, a male employee at PSC, used abusive

and offensive language in an angry tone, before a group - include Dr. Hazel Ervin,

Dr. Lois Sheer, Cynthia Fletcher, Kiandra Johnson, and Plaintiff.

69.     Chris Smith was not terminated for his inappropriate actions and

conduct.

70.    On March 29, 2018, during Commencement, defendant Smothers, male employee at PSC, used abusive and offensive language in an angry tone in front of a group.

71.    Defendant Smothers was not terminated for his inappropriate actions and conduct.

72.    Multiple male administrators, faculty, coaches, and staff have used profanity towards their students without discipline or termination retribution.

73.    Plaintiff's complaints of pay equity, late pay, and hostile work environment harassment were not addressed.

74.    Defendant Smothers and defendant Stevenson discriminated against Plaintiff by requiring she to do additional duties without the same pay as her fellow male employees similarly situated.

75.    Other instructors have traditionally and historically been treated more favorable than Plaintiff.

76.    The disparate treatment was based upon gender and age.

77.     The above is another example of the favoritism shown to other instructors in an effort to permit them to complete and fulfill their employment job descriptions and duties of instructor and coaching while denying the same opportunity to Plaintiff.

78.    Plaintiff, was not permitted to receive a budget for the two (2)

cheer and dance teams that she coached.

79.    Plaintiff accompanied the cheer team to PSC basketball games and was required to pay lodging and meal costs and refunded afterwards.

80.    That Plaintiff, was not permitted a budget because of the arbitrary, and capricious decisions by the administration, and defendant Smothers and defendant Stevenson.

81.    The younger male coaches received an annual budget for the basketball teams which covered expenses and costs.

82.    The younger volleyball coaches received an annual budget for the volleyball teams which covered expenses and costs.

83.    That the male coaches for basketball are younger than Plaintiff.

84.    That the coaches for volleyball are younger than Plaintiff.

85.    On June 27, 2018, notwithstanding Plaintiff's work history and dedication to the College, the defendant PSC, defendant Smothers and defendant Stevenson discharged Plaintiff because of her age and gender.

86.    As a result of the Defendant's actions, Plaintiff has suffered damages.

## VIII. CAUSE OF ACTION
## VIOLATION OF TITLE VII
## PAY EQUITY

87.    Plaintiff restates and incorporates herein by reference the preceding paragraphs of her Complaint as if fully set forth herein word for word.

14

88.     Plaintiff worked under Dr. Hazel Ervin, Vice President of Academic Affairs and received excellent performance ratings.

89.     Plaintiff received a promotion to become Writing Coordinator of Academic Success, Interim Chair for Division of General Education, Donaldson Scholar's English instructor to represent the college, and S.T.A.R.T. Faculty & Academics Coordinator by Dr. Hazel Ervin, Vice President of Academic Affairs because of her sterling performance.

90.     Dr. Hazel Ervin, Dr. Lois Sheer (Chair for the Division of General Education), and Defendant Stevenson praised Plaintiff on numerous occasions for her excellent job performance.

91.     Plaintiff has also complained to Dr. Frank James about Defendants' failure to pay her entire amounts agreed.

92.     Plaintiff complained to Defendant Stevenson about the college reducing amount promised.

93.     Plaintiff served as a coach to a college organization known as the PSC Panther Dolls.

94.     Plaintiff complained to the Nathan Cochran, Athletic Director, that the stipend she received for coaching the Panther Dolls was $2,000 less than the agreed amount.

95.  Plaintiff complained to defendant Smothers, defendant Stevenson and Nathan Cochran, that she was not being compensated as the younger male coaches.

96.  Plaintiff complained to defendant Smothers, defendant Stevenson and Nathan Cochran, that she did not receive a coaching budget as the younger male coaches.

97.  Plaintiff complained to defendant Smothers, defendant Stevenson and Nathan Cochran, that she was being treated differently than as the younger male coaches.

98.  Plaintiff continued to complain about pay equity throughout June 27, 2018.

99.  Defendant Smothers, defendant Stevenson and Nathan Cochran, failed and refused to address or correct the disparities.

100.  In April 10, 2018, Plaintiff alerted the President and the Vice President of Academic Affairs of the dangerous classroom episode she encountered with Morris.

101.  On June 27, 2018, Plaintiff was discharged because of complaints made regarding unequal pay to that of her younger and male co-workers.

102.  As a result of the Defendants actions, Plaintiff has suffered damages.

## IX. CAUSE OF ACTION
## VIOLATION OF TITLE VII
## HARASSMENT

103.   Plaintiff restates and incorporates herein by reference the preceding paragraphs of her Complaint as if fully set forth herein word for word.

104.   On April 9, 2018, the Plaintiff reported the dangerous classroom incident she encountered with Morris to Chief of Security Williams.

105.   On April 9, 2018, Plaintiff complained about the dangerous classroom incident she encountered with Morris to defendant Smothers.

106.   On April 10, 2018, Plaintiff complained to defendant Stevenson about the dangerous classroom incident she encountered with Morris.

107.   During the month of April 2018, Plaintiff was not given due process regarding a full investigation regarding the dangerous classroom incident she encountered with Morris.

108.   In April 2018 and into of May 2018, Plaintiff was further endangered by the presence of Jaylyn Morris after she reported her concerns to the administration.

109.   On April 13, 2018, Plaintiff reported her concerns to the Pulaski County Attorney's office after the defendants failed to fully investigate the incident between Plaintiff and Morris.

110.   The Defendants failed to provide a safe work environment for

Plaintiff.

111.   Following Plaintiffs' complaints the Defendants further harassed Plaintiff by entering Plaintiffs' email, locking her out of her email, searching her desktop computer and cellular telephone without her permission, and making threats of termination.

112.   On June 27, 2018, Plaintiff was issued a Letter of Termination.

113.   The actions to discharge the Plaintiff were based upon the numerous complaints she made related to the incident involving the verbal abuse she received from Morris.

114.   On June 27, 2018, Plaintiff was discharged because of complaints she made regarding unequal pay to that of her younger and male co-workers.

115.   As a result of the Defendants actions, Plaintiff has suffered damages.

## X. CAUSE OF ACTION
## VIOLATION OF TITLE VII
## RETALIATION

116.   Plaintiff restates and incorporates herein by reference the preceding paragraphs of her Complaint as if fully set forth herein word for word.

117.   That on June 27, 2018, because of Plaintiff's complaints of discrimination involving gender and age, pay equity, late pay, unsafe work environment, hostile work environment and harassment –none of which was

addressed - defendant PSC, defendant Smothers and defendant Stevenson retaliated and discharged Plaintiff .

118.   On July 31, 2012, Plaintiff filed a timely EEOC complaint and received a Notice of Right to Sue dated August 30, 2018.  (Exhibit 1)

## XI. PRAYER FOR RELIEF

119.   As relief for the above described violations, Plaintiff requests that this Court:

A. Grant a declaratory judgment that the actions taken against Plaintiff were gender and age discrimination in violation of the Title VII and the ACRA;

B. Grant a declaratory judgment that the actions taken against Plaintiff were interference with and in retaliation for her exercise of protected rights;

C. Award Plaintiff her back pay, front pay, pre-judgment and post-judgment interest, liquidated damages, attorney's fees, costs, and other such sums as will make her whole for the unlawful actions taken against her;

D. Grant Plaintiff injunctive relief enjoining Defendant from further acts of discrimination and retaliation against her and other employees;

E. Award Plaintiff compensatory damages for pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life due to the illegal acts taken against her; and

F. Award Plaintiff punitive damages for malice and reckless indifference to her federally and state protected rights.

120.   Plaintiff demands a trial by jury.

121.   State and Federal jurisdiction against each of the defendants, jointly and severely.  Plaintiff prays for compensatory damages in an amount of at least $100,000.00 from each defendant or an amount to be determined at the trial of this matter and punitive damages.

122.   Plaintiff demands a jury trial.

**WHEREFORE,** Plaintiff, Patricia Walker-Swinton, requests that this Court enter judgment against Defendants, Philander Smith College and other named Individual Defendants; Plaintiff has been injured by the Defendants' violations of Title VII of the Civil Rights Act of 1964; violations of the Arkansas Civil Rights Act of 1993; and Plaintiff prays for declaratory relief, attorneys' fees and costs in the bringing of this action and all other equitable, legal proper and just relief.

Respectfully submitted,

PATRICIA WALKER-SWINTON, PLAINTIFF

BY:   Teresa Bloodman, #2005055
Attorney for the Plaintiff
P.O. Box 13641
Maumelle, AR  72113
(870) 550-1940 - Direct
teresabloodman@yahoo.com

## CERTIFICATE OF SERVICE

I, Teresa Bloodman, do hereby certify that a true and correct copy of the foregoing Complaint was filed on the 28th day of November, 2018, with the Clerk of Court and copies will be served on:

Dr. Roderick Smothers, Sr., President
Philander Smith College
900 Daisy Bates Drive
Little Rock, AR 72202

Dr. Zollie Stevenson, Jr., Vice President of Academic Affairs
Philander Smith College
900 Daisy Bates Drive
Little Rock, AR 72202

_____
Teresa Bloodman

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Patricia Walker-Swinton<br>#1 Robyn Lane<br>Little Rock, AR 72223 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | | Telephone No. |
|---|---|---|---|
| 493-2018-01896 | Margie Myers,<br>Investigator | | (501) 324-6214 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____
William A. Cash, Jr.,
Area Office Director

AUG 3 0 2018

(Date Mailed)

Enclosures(s)

cc:
Yolanda Coleman
Director of Human Resources
PHILANDER SMITH COLLEGE
900 Daisy Bates Drive
Little Rock, AR 72202

Teresa Bloodman
Attorney At Law
P. O. Box 13641
Maumelle, AR 72113

Ex 1



**PHILANDER**
S M I T H   C O L L E G E
*EST 1877*

June 27, 2018

Patricia Walker-Swinton
8516 Chickamauga Court
Mabelvale, AR 72103

      **RE: Notice of Termination for Cause**

Dear Ms. Walker-Swinton,

      This letter will confirm our discussion regarding your future employment with Philander Smith College. Specifically, your employment with the College is, effective immediately, hereby terminated for cause.

      Your conduct stemming from the April 9, 2018 incident in your classroom, which included using a disability-related slur ("damn r****d") in the course of addressing your class, was highly inappropriate, unprofessional, and violated the College's General Harassment Policy Statement, which provides that harassment against any person on the basis of disability, among other things, is a serious offense that can result in severe disciplinary measures, including termination. Then, when asked if you thought that the term "r****d" was appropriate for the classroom, you stated that, in your opinion, nothing was inappropriate about the manner in which you addressed your class. You additionally failed to disclose material information in the course of the College's investigation, attempted to conceal facts by deleting What's App and Group Me messages, then directed students as to what to include in their witness statements, and altered one witness's statement without that individual's knowledge or consent. Your lack of contrition in the manner in which you conducted yourself, and your failure to fully cooperate with the investigation, demonstrates that you lack the appropriate judgment to execute the awesome power of educating our students. You failed to meet the College's reasonable and legitimate expectations of your employment, and as a result, the President has empowered me dismiss you for cause immediately.

      Please ensure that all of the College's property, documents, records, and other items that are in your actual or constructive possession, custody, or control (including but not limited to keys, parking permit, equipment, computers, student records, notes, or other items that were used in the course of your employment) are returned to the Office of Human Resources immediately. You will be receiving information from the Office of Human Resources regarding the continuation of certain benefits. If you have any questions about benefits or your final paycheck, please contact the Office of Human Resources.

                         Sincerely,

                         Zollie Stevenson, Jr., Ph.D.

Ex 2

900 DAISY BATES DRIVE, LITTLE ROCK AR 72202 501.370.5275