IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS

**PATRICIA WALKER-SWINTON**                                     **PLAINTIFF**

**V.**                 **CASE NO. 4:18-CV-886 (KGB)**

**PHILANDER SMITH COLLEGE; AND**                   **DEFENDANTS**
**DR. RODERICK SMOTHERS, SR., PRESIDENT,**
**IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;**
**AND DR. ZOLLIE STEVENSON, JR.,**
**VICE-PRESIDENT, ACADEMIC AFFAIRS,**
**IN HIS INDIVIDUAL AND OFFICIAL CAPACITY**

## MOTION TO DISQUALIFY COUNSEL AND
## TO STRIKE PLAINTIFF'S COMPLAINT AS A NULLITY

Defendants Philander Smith College (PSC or College), Dr. Roderick Smothers, Sr., President (Smothers), and Dr. Zollie Stevenson, Jr., Vice President, Academic Affairs (Stevenson), by their attorneys, CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C., make this limited appearance solely for the purpose of bringing their Motion to Disqualify Counsel and to Strike Plaintiff's Complaint as a Nullity. In support of their Motion, Defendants state as follows:

### INTRODUCTION

1. Plaintiff's Complaint was filed on November 28, 2018, by her attorney, Teresa L. Bloodman.

2. On March 21, 2015, Panel A of the Arkansas Supreme Court's Committee on Professional Conduct unanimously referred Ms. Bloodman to disbarment proceedings in connection with 176 alleged violations of the Arkansas Rules of Professional Conduct. *See Bloodman v. Ligon*, 2016 Ark. 309 (2016); *see also* Linda Satter, *Filing Shows Bid to Disbar Central Arkansas Layer Accused of 176 Professional Conduct Violations*, ARK. DEM. GAZETTE

239599                                       1

(May 20, 2018), *available at* https://www.arkansasonline.com/news/ 2018/may/20/filing-shows-bid-to-disbar-lawyer-20180/ (last accessed Dec. 17, 2018) (courtesy copy attached as **Exhibit 1**).

3. In connection with its referral, in March 2016, the Committee filed an order suspending Ms. Bloodman's license on an interim basis pending the outcome of her disbarment proceedings. **Exhibit 2**, Order of Interim Suspension; *see also Bloodman*, 2016 Ark. at 2 (2016) (stating that Ms. Bloodman's law license was suspended on March 22, 2016) (courtesy copy of Revised Findings and Order on Remand attached as **Exhibit 3**); *see also Taylor v. Ass'n of Arkansas Ctys.*, 2016 WL 3014602, at *1, n.1 (E.D. Ark. May 24, 2016) (stating that Plaintiff's law license was suspended, pending disbarment proceedings, on March 31, 2016).

4. Disbarment proceedings were instituted against Ms. Bloodman on April 1, 2016. **Exhibit 4**, Disbarment Petition Against Ms. Bloodman.

5. By all accounts, Ms. Bloodman's license to practice law remains suspended. **Exhibit 5**, Information from the Arkansas Administrative Office of the Courts.

6. Because Ms. Bloodman is not currently authorized to practice law, Defendants make their limited appearance, while reserving all procedural and substantive defenses to Plaintiff's Complaint, to move to disqualify Plaintiff's counsel from appearing in all further proceedings in this action and to strike Plaintiff's Complaint because it is a legal nullity.

### Ms. Bloodman is Not Authorized to Practice Law in Arkansas

7. This Court has the inherent authority to regulate the conduct of the attorneys admitted to practice before the federal bench. In an exercise of its authority, the Court—through Local Rule 83.5—adopted the Model Federal Rules of Disciplinary Enforcement to set forth the procedure by which the Court wields this inherent power.

8. Specifically, Rule IV(B) of the Model Federal provides that "[t]he Code of Professional Responsibility adopted by this Court is the Code of Professional Responsibility adopted by the highest court of the state in which this Court sits." MOD. FED. R. DISC. ENF. IV(B).

9. The Arkansas Supreme Court has adopted the Arkansas Rules of Professional Conduct. *See In the Matter of the Arkansas Bar Ass'n: Petition for the Adoption of Model Rules of Prof'l Conduct*, 287 Ark. 495, 496, 702 S.W.2d 326, 393 (1985).

10. Rule 5.5(a) of the Arkansas Rules of Professional Conduct makes clear that "[a] lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so." ARK. R. PROF'L COND. 5.5(a).

11. Under Section 22 of the Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law (Committee Procedures), which defines a "former attorney" to include "any attorney who is . . . on suspension," suspended attorneys like Ms. Bloodman are prohibited from engaging in the practice of law; occupying, sharing, or using office space in any office where the practice of law is conducted; contacting clients or prospective clients of any attorney or law firm in person, by telephone, in writing, by e-mail, or by any other form of communication, written, electronic, or in person; and, among other restrictions, contacting client funds or property. *Committee Procedures* § 22(A), (B), (G) & (H).

12. Given the standards set forth in Paragraphs 7 through 10, *supra*, and in applying Rule II of the Model Rules, the Court should require Ms. Bloodman to show cause as to why identical interim measures to prohibit her from practicing before the federal bench would not be appropriate. This is particularly appropriate in light of the fact that Ms. Bloodman is barred, pursuant to Section 22 of the Committee Procedures, from engaging in the practice of law.

13.     Ms. Bloodman's current licensure status should be addressed at the forefront of this litigation so as to ensure the orderly and timely advancement of this litigation. The Disbarment Petition makes clear that there is more than a mere possibility of Ms. Bloodman's disbarment during the pendency of this action: she is alleged to have committed at least 176 serious violations of the Arkansas Rules. If Ms. Bloodman's law license is ultimately revoked while this action is pending, then Plaintiff will likely need time to find substitute counsel, which—Defendants anticipate—will cause substantial and unpredictable delays.

14.     Indeed, any new competent counsel would likely seek a reset of all scheduling deadlines so as familiarize himself or herself with Plaintiff's allegations, consider amendments to the Complaint, and even redouble all prior discovery efforts, if any. Defendants should not be forced to incur redundant expenses in connection with re-litigating issues as a consequence of Ms. Bloodman's likely disbarment.

15.     For these reasons, and because Ms. Bloodman's license was and remains suspended by the Arkansas Supreme Court—the license upon which Ms. Bloodman's admission to this Court is predicated—Defendants respectfully request that this Court should, following the procedures set forth in Rule II of the Model Rules, issue a reciprocal suspension order to Ms. Bloodman pending the outcome of her disbarment proceedings.

## THE COMPLAINT IS A LEGAL NULLITY

16.     Only a licensed attorney is qualified and competent to represent another party in court. *Jones v. Brown*, 2018 WL 4762159, at *1 (W.D. Ark. Sept. 12, 2018), *report and rec. adopted*, 2018 WL 4760842 (W.D. Ark. Oct. 2, 2018).

17.     "When a non-lawyer attempts to represent the interests of other persons, the practice constitutes the unauthorized practice of law and results in a nullity." *Gregory Holdings v.*

*DB Home Lending LLC*, 2015 WL 6757623, at *1 (W.D. Ark. Nov. 5, 2015) (stating that "[a]ny pleading filed by such an individual [who is not authorized to practice law] is a nullity.").

18. Ms. Bloodman was not authorized to sign Plaintiff's Complaint because her license is suspended pending the outcome of her disbarment proceedings. As a consequence, and particularly given the fact that the interim suspension order was issued over two years ago—well before Ms. Bloodman signed Plaintiff's Complaint—the Court should strike that pleading from the record.

19. Defendants submit their contemporaneously-filed Brief in Support of this Motion as required by Local Rule 7.2.

20. This Motion is further supported by the following referenced exhibits:

**EXHIBIT 1**   **Arkansas Democrat Gazette Article Regarding Ms. Bloodman's Disbarment Proceedings Dated May 20, 2018;**

**EXHIBIT 2**   **Ms. Bloodman's Order of Interim Suspension;**

**EXHIBIT 3**   **Ms. Bloodman's Revised Findings and Order of Interim Suspension on Remand;**

**EXHIBIT 4**   **Disbarment Petition Against Ms. Bloodman;**

**EXHIBIT 5**   **Information from the Arkansas Administrative Office of the Courts Regarding Ms. Bloodman's Licensure Status;** and

**EXHIBIT 6**   **Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law.**

WHEREFORE, for the reasons set forth in this Motion and as further detailed in their contemporaneously-filed Brief in Support, Defendants Philander Smith College, Dr. Roderick Smothers, and Dr. Zollie Stevenson, through their limited appearance and subject to their express reservation of rights set forth above, respectfully request that the Court grant this Motion in its entirety and enter an order (1) disqualifying Ms. Bloodman from continuing in her representation

of Plaintiff in this matter, (2) striking Plaintiff's Complaint as a legal nullity; and (3) to award all other just and proper relief to which they are entitled.

        Respectfully submitted,

        Carolyn B. Witherspoon, Ark. Bar No. 78172
        **CROSS. GUNTER, WITHERSPOON**
           **& GALCHUS, P.C.**
        500 President Clinton Avenue, Suite 200
        Little Rock, Arkansas 72201
        Phone: (501) 371-9999 | Fax: (501) 371-0035
        cspoon@cgwg.com
        **COUNSEL FOR DEFENDANTS**