## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

**PATRICIA WALKER-SWINTON**                                          **PLAINTIFF**

**v.**                          **Case No. 4:18-CV-886 (KGB)**

**PHILANDER SMITH COLLEGE, AND**
**DR. RODERICK SMOTHERS, SR., PRESIDENT,**
**IN HIS INDIVIDIAL AND OFFICIAL CAPACITY,**
**AND DR. ZOLLIE STEVENSON, JR., VICE-PRESIDENT,**
**ACADEMIC AFFAIRS, IN HIS INDIVIDIAL AND**
**OFFICIAL CAPACITY**                                          **DEFENDANTS**

### PLAINTIFF'S BRIEF IN SUPPORTOF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff in support of her response and opposition to the Motion to Dismiss Complaint ("Motion") pursuant to Fed. R. Civ. P. 12(b)(6) submits this Brief in support of her position and states:

## I.    INTRODUCTION

The plaintiff, Patrice Walker-Swinton, (hereafter "Plaintiff "or "Ms. Swinton") respectfully requests that this Honorable Court deny the "Motion to Dismiss" filed by defendants. (Dkt. No. 7, 8).  The grounds for Plaintiff's Response in Opposition are set forth herein.

## II.    PRELIMINARY STATEMENT

As a preliminary matter, Defendants' inclusion of one exhibit to their Motion to Dismiss converts the Defendants' motion to dismiss into motion for summary

1

judgment, and Plaintiff moves that any motion for summary judgment be stayed until discovery can be conducted.  Under Fed. R. Civ. P. 12(b), when matters outside the pleadings are presented to and not excluded by the court in connection with consideration of a Rule 12(b)(6) motion, the motion shall be treated as a motion for summary judgment.  *Dalton v. Manor Care of West Des Moines IA, LLC,*986 F. Supp. 2d 1044, 1054- 1055 (S.D. Iowa Jan. 29, 2013) (converting Defendants' 12(b)(6) motion to dismiss to a motion for summary judgment). However, in considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint. *Mattes v. ABC Plastics, lnc.,*323 F.3d 695,697 (8th Cir. Iowa Feb. 24, 2003).  In the present case, Defendant attached a copy of a purported Summons served on Smothers as Exhibit "1" to Defendants' Motion to Dismiss, which is arguably not within the pleadings.

## III.   FACTUAL BACKGROUND

The pertinent facts are set forth and referenced in detail in plaintiff's Complaint filed November 28, 2018, as an employment action against the defendants Philander Smith College (hereafter "PSC"), Dr. Roderick Smothers (hereafter "Smothers"), and Dr. Zollie Stevenson (hereafter "Stevenson").  The Plaintiff alleges that the Defendants engaged in, and continue to engage in, a pattern and practice of employment discrimination, both intentional and systemic,

on the basis of gender and age against the plaintiff and for retaliation against the

Plaintiff for exercising certain statutory and constitutional rights arising out of

Plaintiffs' employment at the institution of the defendants. This cause of action

arises as a result of the termination from the plaintiff 's employment base in whole

or in part, upon her gender, female, and age, 47, in violation of Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 2000(e) et seq,, and the

Civil Rights Act of 1866, as amended and 42 U.S.C. Sections 1981 and 1983, §

12112(b), Arkansas Civil Rights Act of 1993, and to redress discrimination on

grounds of gender and age and in the terms and conditions of employment

harassment, and retaliation, and equal pay and for back and front pay, for

declaratory relief, compensatory and punitive damages to redress the deprivation of

her rights from discriminatory and employment practices on the basis of gender

and age including her wrongful termination on the basis of gender, retaliation, age,

equal pay.

## IV.   PROCEDURAL BACKGROUND

On December 1, 2018, Smothers was personally served with the

Summons and Complaint by Davis Processing. (Dkt.  No.  9).  The summons that

was served on Smothers was directed to Smothers. (Dkt.  No.  2).   PSC has not

been served.  At no time did Plaintiff attempt to serve PSC through Smothers.

Plaintiff had no knowledge that Smothers was the "agent" of PSC.

# V.    APPLICABLE LAW

### a.  Governing Standard

Rule 8(a) of the Federal Rules of Civil Procedure provides that all pleadings filed in federal court must set forth three elements: (1) a basis for the court's subject matter jurisdiction over the claim; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) a demand for judgment for the relief sought.  A district court's task in determining the sufficiency of a pleading that satisfies Rule 8(a) is "necessarily a limited one." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), overruled on other grounds, *Davis v. Scherer*, 468 U.S. 183 (1984). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id*  A well-pleaded complaint may proceed even if it appears that actual proof of those facts is improbable and that recovery is very remote and unlikely. *Twombly*,550 U.S. at 556. A complaint cannot, however, simply leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery . Id. at 561 . Rather, the facts set forth in the complaint must be sufficient to nudge the claims across the line from conceivable to plausible. Id. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but

it has not 'show[n]' - 'that the pleader is entitled to relief;" *Iqbal*,556 U.S. 662, 679, 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft,* 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 594 (8th Cir. 2009). Using this standard, Ms. Swinton's claims are more than sufficiently plead.

Here, the defendants have moved to dismiss plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6), on the putative ground that she has failed to state a claim upon which relief can be granted.  Motions on this ground are generally disfavored and should not be granted unless the movant can show "beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Hughes v. Rowe*, 449 U.S. 5, 10 (1980).  "In reviewing a Rule 12(b)(6) motion, this Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the nonmoving party.  *Blomker v. Jewel*, 831 F.3d 1051 (8th Cir. 2016).  The review of such a motion is limited, and the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Knieriem v. Group Health Plan, Inc*., 434 F.3d 1058, 1060 (8th Cir. 2006); *Bernheim v. Litt*, 79 F.3d 318, 321

(2d Cir. 1996)   Thus, the Second Circuit holds that: "Dismissal of a complaint before discovery is a drastic step." *Wade v. Johnson Controls, Inc.,* 693 F.2d 19, 22 (2d Cir. 1982).

This Court must decide the defendants' 12(b)(6) motion in a way that is consistent with the standards set by Federal Rules 8 and 12.  Federal Rules 8 and 12 include the requirements that the complaint be read liberally.  *Parks Sch. of Bus., Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). These rules also require that all well-pleaded allegations be taken as true, and that dismissal generally be with leave to amend.  *Allen v. Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990); *NL Indus., Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir. 1986). Standards that put a more arduous burden on the plaintiff would conflict with Rules 8 and 12.  As set forth below, such a drastic step would not be justified here. It is clear that under Fed. R. Civ. P. 12 (b)(6) that a moving party can only obtain a dismissal of a complaint when it fails to state a claim upon which relief can be granted.  If facts have been sufficiently alleged, then a dismissal is inappropriate and the court is required to deny the motion.  *Bell v. Twombly*, 550 U.S. 544 (2007). Using this standard, Ms. Walker Swinton's claims are more than sufficiently plead.

## VI.   ARGUMENT

The Defendant's Motion is untimely and should be denied as Defendants' Motion was filed subsequent to the filing of the Defendant's Answer. *See Dkt. Nos. 4 & 5.* The specific order of the defendants filings are:

- Motion to Disqualify Counsel and Strike Complaint as a Nullity (Dkt. No. 4).

- Brief in Support of Motion to Disqualify Counsel and Strike Complaint as a Nullity (Dkt. No. 5).

- Answer to Complaint (Dkt. No. 6).

- Motion to Dismiss Complaint – pursuant to FRCP 12(b)(6) (Dkt. No. 7).

- Brief In Support of Motion to Dismiss Complaint (Dkt. No. 8).

This Motion is Untimely and Should be Dismissed.   Motions under Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b); see also *Elvig v. Calvin Presbyterian Church,* 375 F.3d 951, 954 (9th Cir. 2004). As the Ninth Circuit has noted, "[a] fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived." *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000).   An answer to a complaint is a responsive pleading. See Fed.

R. Civ. P. 7(a)(2). Defendants filed an Answer to the Complaint in this matter on

December 21, 2018 (Dkt. No. 6]. Defendants filed a Motion to Dismiss (Dkt. No.

7). Relief under Fed. R. Civ. P. 12(b)(6) is therefore foreclosed.

Untimely motions to dismiss are sometimes treated as a motion for judgment

on the pleadings. *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir. 1980); Elvig,

375 F.3d at 954. "A judgment on the pleadings is properly granted when, taking all

the allegations in the pleadings as true, [a] party is entitled to judgment as a matter

of law." *Lyon v. Chase Bank USA, N.A.,* 656 F.3d 877, 883 (9th Cir. 2011)

(quoting *Dunlap v. Credit Prot. Ass'n, L.P.*, 419 F.3d 1011, 1012 n.1 (9th Cir.

2005); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.

2001)). If the Court elects to convert Defendants' untimely motion to dismiss into

a judgment on the pleadings, the motion should be denied on the merits.

If the Court is inclined to deny Plaintiff's argument that the motion to

dismiss is untimely, then the Court should dismiss the motion on the merits.

## A.     There are no Procedural Deficiencies in the Summons and Service of the Complaint Pursuant to Rule 4(b)(4) & (b)(5) of the Federal Rules of Civil Procedure.

Defendant Smothers was individually served in accordance with Fed. R. Civ.

P 4. (Dkt. 1, No. 9). Contrary to the defendants assertions service of PSC was

never attempted on Smothers. Pursuant to Fed. R. Civ. P. 4. The Summons was

issued and served in compliance with Fed. R. Civ. P. 4. The Summons issued in

this Complaint met the requisite content of the pursuant to Rule 4(a)…(A) name of the court and parties; (B) be directed to the Defendant …(F) be signed by the Clerk; and (G) bear the Court's seal.  Contrary to the Defendant's assertions, at the filing of the Complaint an individual Summons for each named defendant was properly completed, and presented to the Clerk for signature and seal - PSC, Smothers, Stevenson.  The  Clerk issued the Summons and stamped the same with the Court seal. Fed. R. Civ. P. 4(b).  (Dkt.  No.  2).  Rule 4(b) ISSUANCE PROVIDES… On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served.  Individual Summons was issued for each individually named defendant - PSC, Smothers, Stevenson.

On December 3, 2018, the Summons issued by the Clerk – directed to defendant Smothers and the Complaint was properly served on Smothers by Davis Process. (Dkt.  No.  9).  A copy of the Summons and Complaint was personally delivered to Smothers at his residence.  The process server attempted to serve Smothers at his workplace – address listed on the summons- but was instructed to leave the property by the security who advised PSC does not allow service on the property for the Smothers or anyone.  More, contrary to the Defendants assertions,

the Plaintiff never attempted service on PSC by or through Smothers.  Thus, Rule

4(f) is not applicable.  Further, Fed. R. Civ. P. 4(m), provides 90 days for service

of the Summons and Complaint.  The time has not expired for service on the

defendants.  As such, the Court should not dismiss the Complaint pursuant to Rule

12(b)(4) and (5) of the Federal Rules of Civil Procedure.

### B.      The Court Must Consider the Complaint in Its Entirety When Evaluating a Motion to Dismiss for Failure to State a Claim.

Rule 12(b)(6) provides that parties may assert by motion a defense based on

"failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The Rule 12(b)(6) test has been revised in recent years. In *Conley v. Gibson*, 355

U.S. 41(1957), the Supreme Court stated the interplay between Rule 8 (pleading)

and Rule 12(b)(6) as follows: "[T]he accepted rule [is] that a complaint should not

be dismissed for failure to state a claim unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him

to relief." 355 U.S. at 45-46. In *Bell Atlantic Corporation v. Twombly*, 55 U.S. 544

(2007), the Court noted questions raised regarding the "no set of facts" test and

clarified that "once a claim has been stated adequately, it may be supported by

showing any set of facts consistent with the allegations in the complaint," *id.* at

563. It continued:

"*Conley*, then, described the breadth of opportunity to prove what an

adequate complaint claims, not the minimum standard of adequate pleading to

govern a complaint's survival." *Id.* In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court further elaborated on the test, including this statement:

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."" *Id.* at 1949 (citation omitted). Where a complaint is inadequate, leave to amend the complaint is common. *See, e.g.*, *Butt v. United Brotherhood of Carpenters & Joiners of America*, No. 09–4285, 2010 WL 2080034 (E.D. Pa. May 19, 2010).

Further when considering whether dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(6), the court must construe the allegations and draw all favorable inferences in the light most favorable to the plaintiff. *Shiheed v. Shaffer,* 2015 WL 4984505, *2 (D. Md., August 18, 2015)(Russell, J.).

A complaint may not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mancinni, Id.* (Citations omitted). A complaint "must be liberally construed" and "should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations." Indeed, "a well pleaded complaint will survive a motion to dismiss 'even if it appears that a recovery is very remote and unlikely.'" *Spadaro v. City of Miramar,* 855 F.Supp.2d 1317, 1328 (S.D. Fla. 2012), quoting from, *Twombly,* 550 U.S. at 555-556.  Defendant's motion to dismiss Plaintiffs'

Complaint under Rule 12 (b)(6) must be denied if the Complaint contains sufficient factual matter to state a claim that is plausible on its face. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3rd Cir. 2009) citing *Ashcroft v. Iqbal, U.S.*, 129 S. Ct. 1937, 1949 (2009). In assessing a motion to dismiss in terms of a Complaint that alleges the deprivation of constitutional rights, a court should not "inquire whether the plaintiffs will ultimately prevail, *only whether they are entitled to offer evidence to support their claims." Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3rd Cir. 2000) quoting, *Nami v. Fauver,* 82 F.3d 63, 65 (3rd Cir. 1996) (Emphasis added). Thus, if a complaint alleges sufficient facts giving rise to a plausible claim for the deprivation of constitutional rights, the motion must be denied, and Plaintiffs must be given the opportunity to offer evidence in support of their claims.

It is well established that "[c]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss[.]" *Dunn v. Castro, 621 F.3d 1196, 1205 n.6 (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)); Magulta v. Samples,* 375 F.3d 1269, 1274-75 (11th Cir. 2004) (when reviewing a motion to dismiss for failure to state a claim, courts should read the complaint in its entirety); 5 Wright & Miller, Federal Practice and Procedure § 1286 (3d ed. 2004); 5B Wright & Miller, Federal Practice and Procedure § 1357 (3d ed. 2004). The Court

must consider the Complaint as a whole. Id. Consideration of the Complaint as a whole demonstrates that it meets the requirements established under the Federal Rules. "[A] complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). This standard is met where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly, 550 U.S. at* 556). Here, the Complaint presents a detailed recitation of Plaintiffs' assertions that more than satisfies the pleading requirements. A review of the entire Complaint demonstrates that the Complaint in contains a detailed factual account of Defendants' illegal practices which establish their liability for the violations plead in the complaint.

## C.    The Complaint is Well-Pled Under Rule 8(a).

The Complaint is Well-Pled Under Either Rule 8(a).  Counts I through XI of the instant Complaint nevertheless meet the pleading standards of Rule 8(a). Plaintiff has pled these counts with sufficient specificity to survive a motion to dismiss.  The Complaint also provides information about the "what" and the "who" by providing ample notice about what violative conduct occurred at PSC that was directed at the Plaintiff and who caused it to happened.  For example, paragraphs 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 100, 104, 105, 106,

107, 108, 109, 110, 111, 112, 113, 114,  117 of the Complaint state the facts plead

in the Complaint specify "the who, what, when where", and how of the misconduct

charged" and put Defendants on notice of the representations at issue in this case.

*United States ex rel. Cafasso, 637 F.3d at 1055 (quoting Ebeid ex rel. United*

*States*, 616 F.3d at 998). These facts raise the inference beyond a speculative level

that Defendants violated the plaintiff's constitutional rights as required by Rule

8(a).

### 1.   Plaintiff's Section 1983 Claims Should Not be Dismissed.

Title VII of the Civil Rights Act of 1964, as amended prohibits

discrimination on the basis of a person's "race, color, sex, or national origin."  42

U.S.C. Section 20000e-2(a).  The plaintiff plead this provision her Complaint.

(Dkt.  1,  page 1, 2).

### 2.   Plaintiff's Claims against Smothers Individually Must Not be Dismissed.

The defendants seek to dismiss all Title VII claims and ACRA claims against the

individual defendant, Smothers. Plaintiff plead in her Complaint that it is a

violation of Title VII, which makes it unlawful for an employer to discriminate on

the basis of a person's "race, color sex, or national origin." 42 U.S.C. Section

2000e-2(2a).  (Dkt. No. 1,  Page 1).  The defendants argue that Smothers is not an

employer.  More, the Defendants make argument that neither Smothers nor

Stevenson had the authority required to attribute individual liability. Smothers and

Stevenson are individually liable for violations. Ms. Swinton posits that Smothers

and Stevenson most certainly held the level authority required to subject them to

individual liability under the statute.  This is evidenced by the letter of Termination

from Stevenson to Ms. Swinton, wherein he states "… the President has

empowered me to dismiss you…" (Dkt.  No.  1,  Ex.  2).  Thus, it is ingenious for

defendants to allege Smothers did not have authority to terminate.

Plaintiff will provide a more definite statement if the Court so requires to

reflect this change. As to Smothers, the Defendants argument that Smothers did not

have the authority required to attribute individual liability is not accurate.

Defendants do not argue that Ms. Swinton has not plead that Smothers, had

knowledge of her complaints.  However, Ms. Swinton has plead a description of

her complaints and the defendants liability under Title VII, and her termination for

pretextual reasons directly upon her further repeated complaints related to gender,

age, discrimination and failure to protect and provide a safe work environment.

(Dkt.  No.  1).

Further, because Smother is the employer who signs the employment

contracts for the employees at PSC, "Upon information and belief, all College

terminations must be approved by College President, Smothers."  Coupled with the

letter of termination from Stevenson acknowledging Smothers  "empowered"

Stevenson to terminate the Plaintiff.  (*Id.,*  Ex.  2).  Certainly, a court reading this

pleading as a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense" will recognize that an executive such as Smothers could not fully consider the discharge an employee without being made aware of her leave status. *Ashcroft*, 556 U.S. at 679. In the event this fact is not already clear from Ms. Swinton's Complaint, in which she makes specific claims regarding Smother's knowledge of repeated complaints regarding her claims of discrimination related to gender, age, unequal pay, harassment and retaliation.  As to Stevenson, Ms. Swinton, Smothers had the authority and exercised the authority to direct Ms. Swinton's immediate termination and the authority to thus deny her appeal following her illegal termination. The letter demonstrates Smother's authority over the decision regarding Ms. Swinton's termination and brings him within the scope of personal liability.  Plaintiff asserts that, the actions, inactions and policies of the Defendants continue to the extent that it deprives the Plaintiff and others similarly situated of rights guaranteed under the Arkansas and U. S. Constitutions, federal and state laws.  (*Id.,* ¶ 17).  The Title VII claims should not be dismissed as Plaintiff plead her causes of actions in the complaint.

3.     **Plaintiff's Age Related Claims Must Not be Dismissed because Neither Title VII Nor the ACRA Apply to Alleged Age Discrimination.**

The defendants seek to dismiss all age related claims under Title VII and ACRA however, age  claims under ACRA are not part of the Plaintiff's Complaint against individual defendants and should be denied.

4.     **Contracts Referenced by Plaintiff in the Complaint Must Not be Dismissed.**

Plaintiff asserted breach of contract claim in her Complaint.  Plaintiff plead in her Complaint that she began an employment contract with the defendants in July 2011 at a contracted amount of $30,000.  (Dkt. No., 1, ¶¶  19, 20).  The Plaintiff further plead the existence of a valid and enforceable contract between the Plaintiff and the defendant, a violation by the defendants, ad damages resulting from the breach.  *Perry v. Baptist Health*, 358 Ark. 238 (Ark. 2004).  The plaintiff plead the existence of contracts and stipend agreement amounts in her Complaint.  (*Id.,* ¶¶ 24, 25, 29, 31, 33, 40, 46, 47, 48, 50, 52, 95, 96, 98, 101).  The defendants argue the Plaintiff's breach of contract claim should be dismissed.  However, the defendant does not refute the existence of an employment contract between the defendants and the Plaintiff.  Because of the harassment and retaliation from the defendants, following the Plaintiff's complaints, the Plaintiff was denied access to her email account which contains the employment contracts and other information in support on the Plaintiff's claims of breach of contract regarding the Defendants

wrongful termination of the Plaintiff on June 27, 2018.  (*Id.,* ¶ 111).  Plaintiff's breach of contract claims are sufficiently plead in the Complaint and must not be dismissed.

### 5.    Plaintiff's Title VII Claims are Timely and Must Not be Dismissed.

Ms. Swinton's claims regarding the College's failure to promote her fall well within the 180 days in which she was required to file her charge with the EEOC. Title VII requires that before a plaintiff can bring suit in court to allege unlawful discrimination, she must file a timely charge with the Equal Employment Opportunity Commission or a state or local agency with authority to seek relief. 42 U.S.C.S. $ 2000e-5(e)(1). A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter. 42 U.S.C.S. 6 2000e5(e)(1). If the agency dismisses the charge and notifies the complainant of her right to sue, then the complainant has ninety days to bring a civil action in federal court.42 U.S.C.S. $ 2000e5(D0*). Richter v. Advance Auto Parts, lnc.,*686 F.3d 847 (8th Cir. 2012). However, a charge need only "describe generally" the alleged discrimination, 29 C.F.R. 1601.12(b), in order to "give notice of an alleged violation to the charged party.  *Jones v. Needhom,*20l7 U.S. App. LEXIS 8442.  A plaintiff will be deemed

to have exhausted administrative remedies as to allegations contained in a judicial

complaint that are like or reasonably related to the substance of charges timely

brought before the Equal Employment Opportunity Commission. *Williams v. Little*

*Rock Mun. Water Works,* 2 F.3d 218 (8th Cir. 1994); *Frazier v. Vilsack,* 49 F. App'x

686, 690 (8th Cir. 2011) (emphasis added).   Ms. Swinton's Complaint makes clear

that she repeatedly complained of and asked and was denied an equal contract,

coaching budgets, and equal pay as her younger male coaches and coworkers,

beginning as early as May 2015 and continuing throughout until the date of her

termination of June 27, 2018, show the pattern of systemic violations. The Plaintiff

specifically plead complaints made to the defendants and denied in February 2018,

regarding the defendant's discrimination regarding claims of gender and age. (Dkt.

No. 1, ¶¶ 36, 37, 38, 39, 40, 43, 44, 45, 46, 47, 50, 52).   The Plaintiff's February

2018, claims and complaints are prior to Ms. Swinton's August 2018 filing of her

EEOC charge and well within the Ms. Swinton's 180 days for filing.   Plaintiff's

gender and age claims are timely.   Plaintiff is entitled to protection of Title VII,

and as a female is protected against discrimination based on gender and age.

Plaintiff pled sufficient facts regarding her gender and age claims under Title VII.

Ms. Swinton pled multiple facts regarding the claim of gender discrimination.

PSC's approved climate regarding the abusive language used by PSC male

employees, including Smothers–without consequences of termination or

retribution.  (*Id.,* ¶¶ 34, 35, 51, 68, 69, 70, 71, 72).  The PSC male employee's violation of the PSC General  Handbook Policy Statement  does not yield termination consequences – as alleged by defendants as the reason for termination of Plaintiff- we disagree. (*Id.* ,  Ex. 2).

Plaintiff further plead of her repeated complaints to the defendants that she was not paid at the same rate as other younger male coaches that were similarly situated or at times Plaintiff was not paid at all.  (*Id.,*  ¶¶  36, 37, 38, 39, 40, 52). Plaintiff further pled the Defendants discriminated against the Plaintiff by requiring that she perform additional work duties that were not required of her younger male employees.  (*Id.,*  ¶¶  74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84). Plaintiff's complaint clearly delineated the who, what, when, and how of the specific gender and age discrimination complained of by the Plaintiff to the defendants, the dates of the discrimination, and the discriminatory actions taken by the defendant in response to the complaints made by the Plaintiff.    All of which are sufficient to defeat a motion to dismiss under l2(b)(6).

### D.    Declaratory Judgment, Injunctive Relief and Damages Should Not be Dismissed or Stricken.

Defendants move to Dismiss Ms. Swinton's  request for declaratory judgment, injunctive relief and damages.  Ms. Swinton sets forth these  requests in her prayer for relief. (Dkt. No. 1,  ¶¶ 119, 121).  Prayers for relief are generally not appropriate subject matter for dismissal under Fed. R. Civ. P. 12(b)(6).  *See*

*Affiliated Foods Midwest Cooperative, Inc.* v. *Supervalu, Inc.* No. 8:16 CV465, 2017 WL 2222916, at *2 (D. Neb. May 19, 2017) (citing *JS IP, LLC v. LIV Ventures, Inc.,* No. 8:11CV424, 2012 WL 2871794, at *9 (D. Neb. July 12, 2012)). Ms. Swinton is not addressing claims but rather prayer for relief.  The Court should not dismiss the Plaintiff's prayer for relief.

Plaintiff's counsel has not been precluded from practicing law in the federal court.  Section IIII (C) 3 of the defendant's brief should be stricken pursuant to Fed. R. Civ. P. 12 (f).

## VII.   REQUEST FOR STAY

The defendants have requested a Stay, which the Plaintiff opposes. The Plaintiff will suffer significant harm if this litigation is stayed. Defendants are unlikely to suffer any hardship or prejudice if the stay is denied.  The Defendants cited *Landis v. North American Co.,* 299 U.S. 248, 254 (1936).  The facts in Landis– a request for stay on appeal - are not applicable here.  Defendants did not meet that burden  of establishing a stay.  Because a stay will yield no judicial efficiencies and cause substantial harm to Plaintiff, the Court should deny the defendant's request for Stay.

## VIII.   CONCLUSION

For the foregoing reasons and all the others discussed in the Plaintiff's Complaint, and other pleadings, responses, defenses and objections, the present

Motion to Dismiss should be denied.  First, the Complaint is not a legal nullity and should not be dismissed.  Second, the Complaint should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) and (b)(5), there were no deficiencies in service of the proper summons and Complaint. Third, the Complaint should not be dismissed for any of its constitutional claims.  Fourth, the individual claims against Smothers individually should not be dismissed.  Fifth, the claims for gender discrimination, harassment, retaliation should not be dismissed.  Sixth, all claims remedies for relief requested by Plaintiff should not be dismissed.  Neither whole nor Partial dismissal is not proper pursuant to 12(b)(6).

Respectfully submitted,

/s/Teresa Bloodman, #2005055
Attorney for the Plaintiff
P.O. Box 13641
Maumelle, AR  72113
(870) 550-1940 - Direct
teresabloodman@yahoo.com

## **CERTIFICATE OF SERVICE**

I, Teresa Bloodman, hereby certify that I have electronically filed a correct copy of the foregoing with the United States District Court on this 22nd day of January, 2019 using the CM/ECF system.  Copies will be electronically served using CM/ECF system notification on participants:

Ms. Carolyn B. Witherspoon
Cross, Gunter, Witherspoon & Galchus, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, AR  72201
501-371-9999
cspoon@cgwg.com
Counsel for Defendants

/s/Teresa Bloodman