## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

**PATRICIA WALKER-SWINTON**                                    **PLAINTIFF**

**v.**                              **Case No. 4:18-CV-886 (KGB)**

**PHILANDER SMITH COLLEGE, AND**
**DR. RODERICK SMOTHERS, SR., PRESIDENT,**
**IN HIS INDIVIDIAL AND OFFICIAL CAPACITY,**
**AND DR. ZOLLIE STEVENSON, JR., VICE-PRESIDENT,**
**ACADEMIC AFFAIRS, IN HIS INDIVIDIAL AND**
**OFFICIAL CAPACITY**                                    **DEFENDANTS**

## PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY

Comes now the Plaintiff and for her Brief in Support of Response in

Opposition to the Defendants Motion to Strike Plaintiff's Reply (Dkt. Nos. 14, 15)

states:

Although not cited by defendant's under Federal Rule of Civil Procedure

12(f), a court may "strike from a pleading an insufficient defense or any redundant,

immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis

added). The Federal Rules of Civil Procedure define pleadings as a complaint, an

answer to a complaint, an answer to a counterclaim designated as a counterclaim,

an answer to a crossclaim, a third-party complaint, an answer to a third-party

complaint, and if the court orders one, a reply *to an answer*. Fed. R. Civ. P. 7(a).

Motions, briefs, memoranda, objections or affidavits may not be attacked by a

motion to strike.  2 2 James W. Moore, et al., Moore's Federal Practice § 12.37[2] (3rd ed.2010). See Coleman, 2008 WL 161897, at *4; *Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc.,* No. 4:07-CV-1719 CAS, 2008 WL 2518561, *1 (E.D. Mo. June 19, 2008).

On January 3, 2018, Plaintiff filed a Combined Motion for Extension to Respond to Defendant's Motion to Disqualify and Motion to Dismiss. (Dkt. No. 10).  Defendants filed a Response in Opposition.  (Dkt. No. 12).  Plaintiff filed a reply.  (Dkt. No. 13).   Here, defendants do not claim the pleading should be stricken due to any category listed under Rule 12(f).  Instead, defendants repeatedly assert in its pleadings plaintiff's counsel is precluded from representing the plaintiff, when the undersigned attorney has not been disqualified.  Further, defendants argue the plaintiff's reply to the defendant's opposition to motion for extension should be stricken pursuant to Local Rule 7.2(b).  While Local Rule 7.2(b) specifically addresses summary judgment motions, it does not address other motions.  The Rule is silent to other motions.  There is nothing in Local Rule 7.2(b) that specifically prohibits replies related to motions other than summary judgment. Further, the Local Rule does not require a motion for leave to file a reply.  The Plaintiff has not violated this Court's District Local Rule.  Defendant's motion to strike should be denied.

Moreover, the Plaintiff has filed timely response in opposition to the defendant's Motions referenced in the motion for extension , (Dkt. Nos. 16, 17, 19, 20), thereby making the motion for extension filed moot and all pleadings filed in relation to said motion for extension moot

Motions to strike are not favored and are infrequently granted, because they are an "extreme measure" and propose a drastic remedy. *Stanbury Law Firm, P.A. v. Internal Revenue Service*, 221 F.3d 1059, 1063 (8th Cir. 2000). In determining a motion to strike, this Court has applied several principles. The Court "must view the pleadings in the light most favorable to the pleader.*" Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.,* 2008 WL *3 2817106, at *2 (E. D. Mo. July 21, 2008). It should refrain from deciding new or close questions of law due to the risk of offering an advisory opinion. Id. Finally, a motion to strike should be denied unless the moving party shows it is "prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." Id.  Plaintiffs' reply does not include an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Moreover, defendant has not shown any prejudice by the inclusion of any material in plaintiffs' reply pleading.  Therefore, for the reasons stated herein, the Motion to strike should be denied.

Respectfully submitted,


/s/Teresa Bloodman, #2005055
Attorney for the Plaintiff
P.O. Box 13641
Maumelle, AR  72113
(870) 550-1940 - Direct
teresabloodman@yahoo.com


## CERTIFICATE OF SERVICE

I, Teresa Bloodman, hereby certify that I have electronically filed a correct copy of the foregoing with the United States District Court on this 24th day of January, 2019 using the CM/ECF system.  Copies will be electronically served using CM/ECF system notification on participants:

Ms. Carolyn B. Witherspoon
Cross, Gunter, Witherspoon & Galchus, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, AR  72201
501-371-9999
cspoon@cgwg.com
Counsel for Defendants


/s/Teresa Bloodman