**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS**

PATRICIA WALKER-SWINTON                              PLAINTIFF

V.                  CASE NO. 4:18-CV-886 (KGB)

PHILANDER SMITH COLLEGE; AND                    DEFENDANTS
DR. RODERICK SMOTHERS, SR., PRESIDENT,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;
AND DR. ZOLLIE STEVENSON, JR.,
VICE-PRESIDENT, ACADEMIC AFFAIRS,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY

**JOINT RULE 26(f) REPORT**

Plaintiff Patricia Walker-Swinton, through counsel, and Defendants Philander Smith College (PSC or College), Dr. Roderick Smothers, Sr., President (Smothers), and Dr. Zollie Stevenson, Jr., Vice President, Academic Affairs (Stevenson), by their attorneys, CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C., submit the following information in compliance with Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1. The Parties began their Rule 26(f) exchanges by email beginning on May 17, 2019, and have since prepared this Joint Rule 26(f) Report for the Court's review.

**PLAINTIFF'S PRELIMINARY STATEMENT**

Plaintiff is opposed to inclusion of Defendant's preliminary statement in the 26(f) Report - which is repetitive of pleadings reflected in the Courts' Docket Report and previous arguments exhausted within pleadings. The Court is aware of same. Also, Plaintiff is opposed to "trifurcating" and/or "staying" these proceedings. Moreover, Defendants fail to cite authority for trifurcation. Plaintiff posits the joint report identify dates –conflicting with the Courts' proposed dates and include subjects which the Court is unaware and not included in its Proposed Final Scheduling Order, if any, which advances the just, speedy and efficient resolution of disputes.

1

241384

## DEFENDANTS' PRELIMINARY STATEMENT

Defendants respectfully request that the Court enter a modified scheduling order trifurcating these proceedings into three distinct phases—the first phase culminating after the Court rules on the pending Motions; the second phase beginning with discovery and culminating with the Court's decision on Defendants' anticipated motion for summary judgment; and the third phase, if the Complaint survives summary judgment, beginning with pre-trial matters and culminating with the trial. Due to the nature of these proceedings, this departure from the typical scheduling order has proven necessary to preserve the Court's and parties' scarce judicial resources.

The docket has already reached a critical mass of pending motions—some filed nearly five months ago—that raise fundamental questions about the legitimacy of this this action. Specifically, there are ten motions (*ECF Nos. 4, 7, 10, 14, 18, 21, 29, 32, 33 & 36*)—each fully briefed—awaiting the Court's review:

| ECF # | FILING | DATE FILED |
| --- | --- | --- |
| 4 & 5 | Defendants' Motion to Disqualify Counsel and to Strike Complaint as a Nullity | December 21, 2018 |
| 7 & 8 | Defendants' Motion to Dismiss Complaint (on behalf of PSC and Smothers) | December 21, 2018 |
| 10 | Plaintiff's **first** Motion for Extension of Time (to File Response to ECF Nos. 4–5 & 7–8) | January 4, 2019 |
| 12 | Defendants' Response in Opposition to Motion for Extension | January 4, 2019 |
| 13 | Plaintiff's Reply in Support of Motion for Extension | January 9, 2019 |
| 14 & 15 | Defendants' Motion to Strike Reply | January 10, 2019 |
| 16 & 17 | Plaintiff's Response in Opposition to Motion to Disqualify Counsel and to Strike Complaint as a Nullity | January 18, 2019 |
| 18 | Plaintiff's **second** Motion for Extension of Time (to File Response to ECF Nos. 7–8) | January 18, 2019 |
| 19 & 20 | Plaintiff's Response in Opposition to Motion to Dismiss (PSC & Smothers) | January 22, 2019 |
| 21 & 22 | Defendants' Motion to Dismiss Complaint (on | January 22, 2019 |

2

241384

| | behalf of Stevenson) | |
|---|---|---|
| 23 & 24 | Plaintiff's Response in Opposition to Motion to Strike | January 24, 2019 |
| 25 & 26 | Plaintiff's Response in Opposition to Motion to Dismiss (Stevenson) | February 5, 2019 |
| 29 & 30 | Defendants' Motion for Order to Show Cause | March 11, 2019 |
| 32 | Plaintiff's **third** Motion for Extension of Time (to file Response to Motion for Order to Show Cause) | March 23, 2019 |
| 33 | Plaintiff's **fourth** Motion for Extension of Time (to file Response to Motion for Order to Show Cause) | April 2, 2019 |
| 34 & 35 | Plaintiff's Response in Opposition to Motion to Show Cause) | April 5, 2019 |
| 36 | Plaintiff's Motion to Amend Complaint | April 16, 2019 |
| 38 & 39 | Defendants' Response in Opposition to Motion to Amend Complaint | April 30, 2019 |

As demonstrated, this lawsuit has and will continue to require significant amounts of the Court's attention. Trifurcating these proceedings will allow the Court and the parties ample time between each major phase of litigation to address dispositive motions before the necessity of incurring additional costs. This request is made in an earnest attempt to avoid the cost, burden, and expense associated with preparing for trial during the pendency of the Court's consideration of the pending Motions and Defendants' anticipated summary judgment motion in the event that the Complaint survives dismissal.

Pragmatically, trifurcation will have little consequence to the parties beyond alleviating them of the potential expenditure of time needed to either prepare for filing deadlines or otherwise prepare motions for continuances as may be necessary.

If the Court is not inclined to modify its scheduling order, then Defendants alternatively propose the modest changes set forth below.

241384

**(1)** **ANY CHANGES IN TIMING, FORM, OR REQUIREMENTS OF MANDATORY DISCLOSURES UNDER FED. R. CIV. P. 26(a).**

**Plaintiff's Response:** Plaintiff has no changes in timing, form or requirements of mandatory disclosures under F.R.C.P. 26(a)(1)(C). Plaintiff contends that because there is no Order to Stay discovery should proceed. If Defendants contest any discovery requests initiating a dispute-which cannot be resolved between the parties - after good faith efforts have been made- the parties may file a motion for order of Court intervention. Plaintiff does not expect any tetchy discovery disputes.

**Defendants' Response:** Defendants refer to their Preliminary Statement and suggest that mandatory disclosures should not be required until the Court rules on the pending dispositive motions.

**(2)** **DATE WHEN MANDATORY DISCLOSURES WERE OR WILL BE MADE.**

**Plaintiff's Response:** Plaintiff agrees that Initial Disclosures mandated by Rule 26(a)(1) shall be provided by **June 30, 2019**. Plaintiff has no objections with the Court's proposed Disclosure of expert testimony must be provided by **January 13, 2020**. Plaintiff has no objections with the Court's proposed Pretrial expert disclosures, including reports will be made by.

**Defendants' Response:**

**(a)** Either thirty days after the Court rules on the pending dispositive motions, or **June 10, 2019**, whichever occurs later.

**(b)** Plaintiff's disclosures of expert discovery will be made on or before **October 15, 2019**. Defendants' disclosures of rebuttal or contradictory disclosures of expert discovery will be made on or before **November 15, 2019**.

241384

 **(c)** Pretrial disclosures will be made as required by Rule 26(a)(3) and the Final Scheduling Order to be entered by the Court.

**(3)** **SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED.**

The subjects of discovery will include the allegations, causes of action, defenses, and alleged damages raised in the Parties' pleadings. The discovery will be secured by written discovery and depositions of the Parties, including but not limited to liability and damages witnesses, including Plaintiffs' experts, if any, any experts identified by Defendants, and any other third parties identified as having knowledge of relevant facts. The Parties further anticipate conducting discovery regarding the parties' post-termination conduct.

**(4)** **WHETHER ANY PARTY WILL LIKELY BE REQUESTED TO DISCLOSE OR PRODUCE INFORMATION FROM ELECTRONIC OR COMPUTER-BASED MEDIA.**

The Parties may be requested to disclose or produce information from electronic or computer-based media, including from the Parties' mobile devices.

 **(a)** **Whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;**

  Disclosure or production will be limited to data reasonably available to the Parties in the ordinary course of business.

 **(b)** **The anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;**

  Defendants state that, excluding production of documents from third parties, such as records requested of former employers, they do not anticipate at this time that there will be any cost or time required for disclosure or production of data beyond what is reasonably available to the Parties in the ordinary course of business.

241384

**(c)** **The format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;**

The Parties will confer in good faith regarding how such information shall be produced, if requested and required. The Parties may be requested to produce or make available for inspection social media records, personal email records, and data from their mobile phones.

**(d)** **Whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;**

The Parties have taken reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business.

**(e)** **Other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.**

The Parties do not anticipate any other problems in connection with electronic or computer-based discovery at this time.

**(5)** <u>**DATE BY WHICH DISCOVERY SHOULD BE COMPLETED.**</u>

**Plaintiff's Response:** Plaintiff has no objections with the Court's proposed date that all discovery should be completed by **<u>February 26, 2020</u>**.

**Defendants' Response:** The deadline on which to complete discovery should be established after the Court rules on the pending dispositive motions. In the event that the Court is not inclined to trifurcate these proceedings, Defendants request that the discovery deadline be set for **<u>December 11, 2019</u>**. This is a single-plaintiff employment lawsuit and discovery, so long as the Parties and their attorneys operate in good faith, will not require more than eleven months—as currently proposed—to complete. This deviation from the Court's proposed final scheduling order is requested so as to provide the Court with ample opportunity to consider the Parties'

241384

anticipated dispositive motion(s). Allowing the Court ample opportunity to consider dispositive motions (which necessarily requires the discovery cutoff to be set at December 11, 2019 absent trifurcation) advances the interests of judicial economy and could potentially obviate the need for the Parties to incur the additional costs and burdens of preparing for trial. As such, if the Court does not trifurcate these proceedings, Defendant requests a modest alteration of the Court's standard scheduling order, with December 11, 2019 as the discovery cutoff date.

**(6)** **ANY NEEDED CHANGES IN LIMITATIONS IMPOSED BY THE FEDERAL RULES OF CIVIL PROCEDURE.**

None.

**(7)** **ANY ORDERS, *e.g.*, PROTECTIVE ORDERS, WHICH SHOULD BE ENTERED.**

The Parties agree to enter into a mutual stipulated protective order to protect any documents that contain student information, confidential information, and/or other sensitive business information. The Parties agree to enter into a mutual stipulated protective order to protect any of the Parties' confidential, proprietary, trade secret, or other sensitive information from the disclosure or use beyond the scope of duration of this pending lawsuit if such information is requested of either party in discovery. If the Parties cannot reach an agreement, after good faith efforts have been made, they will request the Court's assistance.

**(8)** **ANY OBJECTIONS TO INITIAL DISCLOSURES ON THE GROUND THAT MANDATORY DISCLOSURES ARE NOT APPROPRIATE IN THE CIRCUMSTANCES OF THE ACTION.**

**Plaintiff's Response:** Plaintiff does not contend that initial disclosures are inappropriate in this action and should be made pursuant to F.R. Civ. P. 26(a)(1)(C)(D).

**Defendants' Response:** Mandatory disclosures should not be required until the Court rules on the pending Motion to Disqualify and Strike Complaint (*ECF Nos. 4–5*), as well as the

241384

pending Motions to Dismiss (*ECF Nos. 7–8 & 21–22*). If granted, these Motions would obviate the need for any mandatory disclosures.

**(9)** **ANY OBJECTIONS TO THE PROPOSED TRIAL DATE AND ESTIMATED NUMBER OF SIX-HOUR TRIAL DAYS NEEDED.**

**Plaintiff's Response:** Plaintiff has no objections or current conflicts with the Court's proposed trial date of the week of **May 11, 2020**, and they estimate needing up to three days for trial.

**Defendants' Response:** In the event this matter proceeds beyond the dispositive motion phase of this litigation, and if the Court is not inclined to trifurcate these proceedings, Defendants have no objections to the proposed trial date, and they estimate needing up to three days for trial. Defendants, however, request that the trial date be set after the dispositive motion phase of this litigation is resolved.

**(10)** **PROPOSED DEADLINE FOR JOINING OTHER PARTIES AND AMENDING THE PLEADINGS.**

**Plaintiff's Response:** The proposed deadline for seeking to add additional parties and amending pleadings shall be as soon as practicable, but in any event, Plaintiff has no objections with the Court's proposed deadline of **November 18, 2019**, unless discovery to amend is needed and both parties agree to allow those amendments.

**Defendants' Response:** Defendants propose setting the deadline to join other parties and amend the pleadings for **June 15, 2019**.

**(11)** **PROPOSED DEADLINE FOR FILING MOTIONS.**

**Plaintiff's Response:** Plaintiff has no objections with the Court's proposed deadlines for filing discovery motions, except for class certification and motions *in limine*, regarding written discovery, on or before **March 12, 2020**. Plaintiff has no objections with the proposed deadlines

8

for filing Dispositive motions on or before **March 12, 2020**. Plaintiff has no objections with the proposed deadlines for filing Non-dispositive motions on or before **July 30, 2012**. Plaintiff has no objections with the proposed deadlines for filing *in Limine Motions* on or before **April 27, 2020**.

**Defendants' Response:** As discussed in Paragraph 5, in the event the Court is not inclined to trifurcate these proceedings, Defendants request the following deviation from the Court's standard scheduling order for the purposes of judicial economy and efficiency:

    **(a)**    *Daubert* **Motions:** Defendants propose setting the deadline to file motions pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), for **December 18, 2019**.

    **(b)**    **Dispositive Motions:** Defendants propose setting the dispositive motion deadline for **January 11, 2020**. Responses to Rule 56 motions should be submitted on or before **January 25, 2020**, and Replies (if any) should be submitted on **February 1, 2020**.

    **(c)**    **Motions in Limine:** Defendants propose setting the Motion in Limine deadline for **March 12, 2020**.

**(12)**    **CLASS CERTIFICATION: IN THE CASE OF A CLASS ACTION COMPLAINT, THE PROPOSED DEADLINE FOR THE PARTIES TO FILE A MOTION FOR CLASS CERTIFICATION.**

None.

**(13)**    **UNRESOLVED ISSUES.**

**Plaintiff's Response:** Plaintiff posits the Court is aware of the pending motions as reflected in the Docket Sheet. This litigation can proceed if the focus is directed on the resolution

241384

of the parties conflicts as stated in the Complaint. Further, discovery should not be thwarted while motions are pending.

Plaintiff has no objections to the Court's proposed deadlines for filing pretrial disclosure sheets (**April 20 & 27, 2020**) or for requesting a settlement conference (**March 27, 2020**).

**Defendants' Response:** As discussed above, Defendants request expedited consideration of the following matters, each of which is fully briefed and ripe for adjudication:

- **(a)** **Motion to Disqualify and to Strike Complaint:** Defendants entered their limited appearance on December 21, 2018 for the purposes of filing their Motion to Disqualify and to Strike Complaint as a Nullity. *ECF Nos. 4 & 5*. On January 18, 2019, Plaintiff's counsel filed her Response in Opposition. *ECF Nos. 16 & 17*. In the intervening time, Defendants filed a Motion for Show-Cause Hearing (*ECF Nos. 29 & 30*). Defendants submit that this litigation cannot proceed without an expedient decision on these pending matters.

- **(b)** **Motions to Dismiss:** There are two pending Motions to Dismiss (*ECF Nos. 7–8 & 21–22*) that collectively seek dismissal of Plaintiff's Complaint on Rule 12(b)(4) and (5) grounds, and alternatively seek dismissal of Plaintiff's claims against Individual Defendants Smothers and Stevenson, as well as a number of untimely and otherwise unexhausted claims asserted in the Complaint against PSC on Rule 12(b)(6) grounds. Expedient resolution of these pending Motions will allow the parties to narrow the scope of their discovery efforts.

- **(c)** **Other Motions:** There are a number of other pending Motions that require the Court's attention:
    - **(i)** Plaintiff's *first* Motion for Extension (*ECF No. 10*), which Defendants opposed (*ECF No. 12*), and to which Plaintiff replied (*ECF No. 13*);

241384

**(ii)** Defendants' Motion to Strike Unauthorized Reply (*ECF Nos. 14 & 15*), which Plaintiff opposed (*ECF No. 23*);

**(iii)** Plaintiff's *second* Motion for Extension (*ECF No. 18*);

**(iv)** Defendants' Motion for Show-Cause Hearing (*ECF Nos. 29 & 30*), which Plaintiff opposed (*ECF Nos. 34 & 35*);

**(v)** Plaintiff's *third* Motion for Extension (*ECF No. 32*);

**(vi)** Plaintiff's *fourth* Motion for Extension (*ECF No. 33*); and

**(vii)** Plaintiff's Motion for Leave to Amend Original Complaint (*ECF No. 36*), which Defendants opposed (*ECF Nos. 38 & 39*).

Resolving these matters in expedited fashion will greatly assist the Parties in advancing this litigation.

Jointly submitted this 31st day of May, 2019.

| **PLAINTIFF'S COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|
| Teresa Bloodman, ABN 2005055<br>P.O. Box 13641<br>Maumelle, AR 72113<br>(870) 550-1940<br>teresabloodman@yahoo.com | Carolyn B. Witherspoon, ABN 1978172<br>**CROSS. GUNTER, WITHERSPOON<br>& GALCHUS, P.C.**<br>500 President Clinton Avenue, Suite 200<br>Little Rock, Arkansas 72201<br>Phone: (501) 371-9999 | Fax: (501) 371-0035<br>cspoon@cgwg.com |

241384