IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PATRICIA WALKER-SWINTON**                                                      **PLAINTIFF**

v.                          **Case No. 4:18-CV-886 (KGB)**

**PHILANDER SMITH COLLEGE, AND
DR. RODERICK SMOTHERS, SR., PRESIDENT,
IN HIS INDIVIDIAL AND OFFICIAL CAPACITY,
AND DR. ZOLLIE STEVENSON, JR., VICE-PRESIDENT,
ACADEMIC AFFAIRS, IN HIS INDIVIDIAL AND
OFFICIAL CAPACITY**                                         **DEFENDANTS**

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DEPOSITION OF REGINALD SWINTON, MOTION FOR ALTERNATIVE SERVICE OF SUBPOENA, AND MOTION FOR COSTS AND FEES

Comes now Plaintiff, Patricia Walker-Swinton , by and through her attorney, and responds in opposition to Defendant Philander Smith College's Motion to Compel Deposition of Reginald Swinton, Motion for Alternative Service of Subpoena, and Motion for Costs and Fees, states as follows:

1. Plaintiff admits on November 1, 2019, the Defendant propounded Interrogatories and Requests for Production to counsel for the Plaintiff.

2. Plaintiff admits her Responses to Interrogatories and Requests for Production to Defendants are true.

3. Plaintiff admits Reginald Swinton is the husband of the Plaintiff in this case, Patricia Walker-Swinton.

4.      Plaintiff admits the Defendant deposed the Plaintiff for seven (7) hours on February 28, 2020.

5.      Plaintiff admits the COVID 19 pandemic impacted the discovery in this case.

6.      Plaintiff admits Counsel for the Plaintiff repeatedly advised Counsel for Defendant that she did not represent Mr. Swinton, but as a good faith measure agreed on April 16, 2020, to assist in Mr. Swinton's attendance at a deposition to be held May 6, 2020.

7.      Plaintiff admits counsel for the Defendant set a date which Mr. Swinton had not agreed in the Notice to Take Deposition as May 7, 2020, which caused confusion, which counsel for Defendant acknowledged. (See Plaintiff's Ex. E)

8.      Plaintiff indicated that Mr. Swinton's concern with a date change would not agree to voluntarily appear at the May 6 deposition. A process server did not begin trying to locate Mr. Swinton on May 1 and serve Mr. Swinton with a Subpoena, as the Rules require.

9.      Mr. Swinton stated by affidavit that he never received notice to attend deposition -for any appearance date-via certified mail as the Rule requires. *(See Plaintiff's Ex. D, H)*  Mr. Swinton was never served for a deposition date of May 6, 2020.

10.     Mr. Swinton did not evade service on May 7, 2020.

11.     The Affidavit of the process service shows to containin untruthful statements.  *(See Plaintiff's Ex. B,C, E, F, G, I)*

12.     Mr. Swinton challenges the subpoena and contends invalid service of a defective subpoena.

13.     Mr. Swinton should not be held in contempt for failing to comply with the defective subpoena.  Defendants' counsel failed to comply with the requirements under Fed. R. Civ. P. 45. Further, the Defendant's counsel has not motioned the court for an order to show cause why he should not be held in contempt.

14.     Mr. Swinton should not bear costs for Defendants' counsels' errors in the notices they prepared and the defective subpoena they issued.

15.     Plaintiff's counsel has incurred unnecessary expenses and attorneys' fees having to respond to Defendants' meritless motion to compel and seek an order for attorney's fees at counsel's regular rates.

16.     The Plaintiffs' accompanying brief in support of opposition to the Defendants' Motion and exhibits are attached as Exhibits A-R in concomitant Brief.

**WHEREFORE,** the Plaintiff respectfully requests that this Court deny the Defendant's motion for issuance of an Order compelling Mr. Swinton to appear at a deposition, motion for alternative service of subpoena, and motion for costs and fees, and reasonable attorney's fees and to grant the plaintiff's request for expenses and fees incurred in responding to the motion, and for all other just and proper relief to which she may be entitled.

Respectfully submitted,

Teresa Bloodman #2005055
Attorney for Plaintiff
P.O. Box 13641
Maumelle, AR 72113
(870) 550-1940 (Direct)
teresabloodman@yahoo.com