**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**PATRICIA WALKER-SWINTON**                                                 **PLAINTIFF**

**v.**                                        **Case No. 4:18-CV-886 (KGB)**

**PHILANDER SMITH COLLEGE, AND**
**DR. RODERICK SMOTHERS, SR., PRESIDENT,**
**IN HIS INDIVIDIAL AND OFFICIAL CAPACITY,**
**AND DR. ZOLLIE STEVENSON, JR., VICE-PRESIDENT,**
**ACADEMIC AFFAIRS, IN HIS INDIVIDIAL AND**
**OFFICIAL CAPACITY**                                                  **DEFENDANTS**

**BRIEF IN SUPPORT OF RESPONSE IN  OPPOSITION TO DEFENDANT'S MOTION**
**TO COMPEL DEPOSITION OF REGINALD SWINTON, MOTION FOR**
**ALTERNATIVE SERVICE OF SUBPOENA, AND MOTION FOR COSTS AND FEES**

Plaintiff, Patricia Walker-Swinton, by and through her attorney, for her Brief

in Support of Opposition to Motion to Compel Deposition of Reginald Swinton,

Motion for Alternative Service of Subpoena, and Motion for Costs and Fees, states

as follows:

Now, mischaracterizing a non-party, Mr. Swinton's nature, and without

meeting and conferring with counsel as required by this Court's rules, Defendants

move to compel deposition of Mr. Reginald Swinton without properly noticing and

serving him and without as required by the Rules. As a nonparty, Mr. Swinton should

be protected from the: (i) continued burden of unwarranted efforts to expand the

scope of permissible discovery, (ii) expense of paying counsel to defend him against

Defendants' error ridden efforts, (iii) defending assertions by Defendants' counsel

which cast Mr. Swinton in a negative light but are not supported by the record, and (iv) serious risk of being seen as violating Rules of Subpoena powers to which the Defendants' counsel failed to inform and disclosure obligations pursuant to Fed. R. Civ. P. 45. The motion to compel should be denied.

## I.     FACTUAL BACKGROUND

Mr. Reginald Swinton, the Plaintiff's husband, is a non-party to this litigation. Counsel for the Plaintiff repeatedly advised Defendants' Counsel they do not represent Mr. Swinton but agreed to assist in securing a date from Mr. Swinton for his deposition and to produce Mr. Swinton.  It was agreed to take Mr. Swinton's deposition on May 6, 2020.   However, Counsel for Defendant set the date in the Notice to Take Deposition —as May 7, 2020. Defendant's Counsel did not issue a Subpoena or requires fee for a non-party. (*See Defendants' Letter and Notice, Plaintiffs' Exhibit A*)  Contrary to Defendants' Counsel's untruthful statements on the record, on May 7, 2020, *(See Transcript - Plaintiffs' Ex. B, page 3, line 7)*.  Mr. Swinton was not served the Notice of Deposition by certified mail. *(See Plaintiffs' Ex. C)*  Mr. Swinton attests he did not receive certified mail form Defendants' counsel (*See Plaintiffs' Ex D*)

Plaintiff's counsel contacted counsel for the Defendant, advising of the deposition date change in their Notice of Deposition.  By email, Defendants' counsel

apologized for the confusion and advised forthcoming issued a Revised Notice only. *(See Plaintiffs' Ex. E)*

On April 27, 2020, Defendants' counsel legal assistant – on behalf of "Carolyn Witherspoon, please find attached a copy of her letter of today' date to Mr. Swinton, along with a copy of the Revised Notice to take his deposition." *See Letter and Notice- Plaintiffs' Ex. F, G)* There was no Subpoena issued, mentioned or included.

Mr. Swinton asserts he has a surveillance camera recoding system on his house that records movement and audio of activity at his front door, which refutes the statements by the process servers filed in this matter.  Mr. Swinton asserts he has not been properly served and never evaded or attempted to evade service. *(See Affidavit of Mr. Swinton Plaintiffs' Ex. D)*

## II. STATEMENT OF THE ISSUES

1)  Whether the Court should deny Defendants' Motion to Compel Deposition of Reginald Swinton because Defendants' counsel made no attempt to confer in good faith regarding the Motion to Compel, Defendants' counsel failed to attach the required good faith certification, 2) whether Mr. Swinton - a non-party was properly served with Notice of Deposition and Subpoena, 3) whether Mr. Swinton, if properly served failed to comply and 4) whether sanctions should issue against Mr. Swinton.

## III.   LEGAL ARGUMENT

### A. Defendant's counsel failed to comply with Local Rule 7.

Case 4:18-cv-00886-KGB   Document 95   Filed 06/18/20   Page 4 of 17

Defendants' counsel made no attempt to confer in good faith regarding the Motion to Compel. ***Dkt. 86.*** Defendants' counsel failed to attach the required good faith certification as required by Local Rule 7, prior to filing a motion for Court intervention. Defendants' Motion to Compel is fatally defective because: 1) Defendants' counsel failed to attempt to confer, let alone confer in good faith, with opposing counsel prior to filing Defendants' Motion to Compel; and 2) Defendants' counsel failed to certify that they attempted to confer in good faith with opposing counsel. If the Court denies Defendants' Motion to Compel, the Court should award the plaintiff reasonable costs, including attorney's fees.

**B. Defendants' Motion to Compel is Defective and Should be Denied.**

Defendants' Motion to Compel is defective under both the local and federal rules and should be denied.

**1.  Local rule 7.2 requires movant to confer in good faith.**

Local rule 7.2(g). All motions to compel discovery and all other discovery – enforcement motions and all motions for protective orders shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court. If any such motion lacks such a statement, that motion may be dismissed summarily for failure to comply with this rule.

Defendants' Motion to Compel is defective under the Eastern District of Arkansas-Civil Local Rules because Defendants' counsel did not attempt to meet and confer in good faith with Plaintiffs' counsel prior to petitioning for a judicial resolution of the dispute. "The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel has previously conferred for the purpose of attempting to resolve all disputed issues." Civ. L. R. 37-1(a). The Northern District of California has declined to consider the merits of a motion to compel when the movant has failed to satisfy its obligations to meet and confer under the local rules, and this Court should do so here. E.g., *Hiramanek v. Clark,* No. 13-CV-00228, 2016 WL 217255, at *8 (N.D. Cal. Jan. 19, 2016) ("The court cannot consider this motion under Rule 37 and Civ. L. R. 37-1(a).").

At no point after May 22, 2020, and until the filing of Defendants' Motion to Compel, did Defendants' counsel engage in any good faith attempt to resolve their discovery dispute.  Defendants' counsel's failure to meet and confer before filing Defendants' Motion to Compel is especially questioned considering Defendants' counsel unsubstantiated harsh language that Mr. Swinton "has no respect for America's legal system." There is no record that Defendants' counsel attempted to contact Mr. Swinton directly to resolve their conflict – believed or ill constructed.

**2. Federal rules require certification of good faith attempt to confer.**

Defendants' Motion to Compel is also defective under the Federal Rules of Civil Procedure because Defendants' counsel failed to attach a certificate stating Defendants' counsel met and conferred in good faith with Plaintiffs' counsel. Under the federal rules, the motion to compel "must include a certification" stating the movant has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). When movants fail to attach the certification required under Rule 37(a)(1), courts in the Northern District of California have denied motions to compel without even addressing the merits of the underlying motion. *E.g., Fosselman v. Evans*, No. 07- 2606, 2011 WL 939616, at *2 (N.D. Cal. Mar. 15, 2011) (denying motion to compel for failure to include certificate and to meet and confer). In this instance, Defendants' counsel could not truthfully attach a certification stating they had in "good faith conferred or attempted to confer" with Plaintiffs' counsel regarding the discovery dispute because they failed to do so. Since Plaintiffs' counsel both failed to confer in good faith and certify that they did so, the Court should deny Defendants' Motion to Compel without reaching the merits of the motion.

Further, Defendants' failed to in "good faith confer or attempt to confer" with Mr. Swinton regarding establishing a deposition date for him following their foiled attempts of service of their Notice and Revised Notice of Deposition without

subpoena and fees attached and following the May 22, 2020, invalid service of a defective subpoena.

Per Defendants' counsels' request, Plaintiff's counsel provided the only telephone number and email address for Mr. Swinton to Defendants' counsel for direct contact – to cease and eliminate Defendants' counsel from requesting Plaintiffs' counsel ask Plaintiff to relay information to her spouse which Defendants' counsel was required to provide Mr. Swinton directly.  The Motion to Compel specifically addresses Mr. Swinton and calls for a chilling effect of sanctions against him.  Yet, Defendants' counsel provides the court no record of contact with Mr. Swinton.

### 3.  Local rule 7.2.

Pursuant to Local Rule 7.2 (d) all motions require that all motions and a brief shall be filed with the Clerk, and **copies shall be served on all other parties affected by the motion**.  Mr. Swinton will certainly be affected by the motion to compel.  However, in a letter dated June 15, 2020, written to the court by Mr. Swinton, he indicated his opposition to the motion to compel and that he was not served the motion to compel by the Defendant and requests a hearing to show his evidence refuting assertions made against him. *(Plaintiffs' Exhibit H)*  Mr. Swinton asserts video surveillance recordings at his home contradicts statements of the process servers. *(See Plaintiffs' Exhibit I)*

### 4. The Discovery deadline has passed.

To require Mr. Swinton to be deposed after the discovery deadline has passed would be unfair.  On May 28, 2020, the Court entered a Final Scheduling Order with a discovery deadline of June 3, 2020.  **Dkt. 85** The Defendants filed their motion to compel on the eve of the discovery due date, whereas, Defendants argue their alleged issue surrounding service to depose Mr. Swinton arose on or about May 7, 2020.  Plaintiff posits, Defendants' sat nearly one month on their meritless claim- which is now out of time.

### C. The Defendant did not properly serve Mr. Swinton Notice of Deposition.

Federal Rule of Civil Procedure 30 - Depositions by Oral Examination. requires Notice requires reasonable and a valid Subpoena for non-parties.

### April 17, 2020 - Notice of Deposition – for May 7, 2020 – *(Plaintiff's Ex. A)*

- Evidence shows Defendants prepared a Notice of Deposition with the incorrect date of deposition.

- Evidence shows that Defendants did not serve Mr. Swinton with the defective Notice of Deposition.

- Evidence shows that Defendant did not serve Mr. Swinton the Notice of Deposition by certified mail.

- Evidence shows that **Defendants did not issue a Subpoena** and fees with the Notice of Deposition.

- Evidence shows that Defendants did not serve Mr. Swinton a Subpoena and fees.

## April 27, 2020-Revised Notice of Deposition – for May 6, 2020 – (*Plaintiff's Ex. G*)

- Evidence shows that Defendants prepared a Revised Notice of Deposition without agreement from Mr. Swinton following Defendants' original defective Notice.

- Evidence shows that Defendants did not serve Mr. Swinton the Revised Notice of Deposition.

- Evidence shows that **Defendants did not issue a Subpoena** and fees with the Revised Notice of Deposition.

- Evidence shows that Defendants did not serve Mr. Swinton the Revised Notice of Deposition and Subpoena and fees.

## May 7, 2020 - Second Revised Notice of Deposition – for May 22, 2020 – (*Plaintiff's Ex. J*)

- Evidence shows that Defendants prepared a Second Revised Notice of Deposition.

- Evidence shows that Defendants prepared a Subpoena for the first time.

- Evidence shows that Defendants did not properly served Mr. Swinton with the Second Revised Notice of Deposition.

- Evidence shows that Defendants issued a Subpoena with the Second Revised Notice of Deposition.

- Evidence shows that Mr. Swinton challenges service of the Second Revised Notice of Deposition and the invalid Subpoena.

**D. The Subpoena issued was defective.**

Pursuant to Rule 45, the Subpoena issued and attempted to be served on Mr. Swinton was defective of the requirements under 45 (c) (d) (e) and (g).    The Defendant issued a two (2) page subpoena.   *(See Plaintiff's Ex. J)* That subpoena was defective.  A valid subpoena to be served on the witness contains three (3) pages. *(See Plaintiff's Ex. K)*

**E. <u>Defendant's counsel failed to Comply with the mandates of Fed. R. Civ. P 45.</u>**

Mr. Swinton - a non-party was not properly served with a valid Subpoena. On June 15, 2020, a process server attempted to serve Mr. Swinton with a defective subpoena.  *(See Plaintiffs' Ex. J)*

**F. <u>Mr. Swinton did not fail to comply with the defective Subpoena</u>.**

The Defendant did not serve a valid subpoena for Deposition on Mr. Swinton as required pursuant to Fed. R. Civ P. 45.  *(See Plaintiffs' Ex. K)*  Paragraph (a)(1) requires that the subpoena include a statement of the rights and duties of witnesses by setting forth in full the text of the new subdivisions (c) and (d).  Defendant clearly

failed to comply with the mandates of Fed. R. Civ. P. 45(c)(d)(e)(g).  The Subpoena issue by the Defendant's as evidenced in Defendant's Exhibit H *(See Plaintiff's Exhibit J)* - containing the following language:

> *The following provisions of Fed. Civ. P. 45 **are attached** – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.*

Although required, the preceding provisions **were not attached to the subpoena** issued and left with Mr. Swinton on June 22, 2020.  Further, the signature of the Defendants' attorney Carolyn Witherspoon appears immediately below attesting knowledge that the same was required to be attached and included with the subpoena.  However, that proved false- or maybe another "mistake".  There is only a blank Proof of Service page immediately following.  Page three (3) of the subpoena was not included with the subpoena left with Mr. Swinton, which would have informed Mr. Swinton of his rights and duties to respond to any subpoena.  *(See Plaintiff's Ex. K)*  Mr. Swinton could not willfully disobey that which he was not informed concerning.  Therefore, the Defendants cannot – in good conscious- ask this court for an order to compel Mr. Swinton to appear for deposition based on service of a defective subpoena.  The subpoena was defective, thus service was invalid.

11

### *1.* **The process servers made questionable statements.** *(See Plaintiff's Ex. K).*

The Process servers appear to have provided untruthful statements in the Proof of Service.  *(See Plaintiff's Ex. K)*  The transcript from the surveillance camera at Mr. Swinton's home reveals the process server engaged in untruthfulness.  First, James Johnson, a process server, erroneously identifies himself as a Deputy County Process Server.  *(See Plaintiff's Ex. I, page 2, line 5-6)*  Mr. Johnson signed a Proof of Service form dated May 2, 2020, but did not list his title as deputy county process server. *(See Plaintiff's Ex. L)* Further, Mr. Johnson affirms in his May 2, 2020, Proof of Service that he received the subpoena on "5/1/20", *(See Plaintiff's Ex. L).* That simply is untrue. when the record reflects - by Defendant's counsel's exhibits-that there was no subpoena issued by the Defendant's counsel prior to May 7, 2020. The Defendants' counsel did not issue a subpoena until and with the Second Revised Notice of Deposition on May 22, 2020*. (See Plaintiff's Ex. J)*

Also, Mr. Johnson states "Reginald Swinton actively evaded and avoided service….and was aggressive and threatening."  However, in the server's Invoice there is no entry that Mr. Swinton was "aggressive and threatening." *(See Plaintiff's Ex. M)*

Second, the Proof of Service signed by process server Stephanie Taggert appears to bear fabrication.  *(See Plaintiff's Ex. M)* Ms. Taggers writes "Mr. Reginald Swinton look out the window and he sent his son to the door to say he

wasn't home. I advised his son that I saw his daddy look out the window…he told me to leave and slam the door in my face." *(See Plaintiff's Ex. N)*  Ryan Swinton, by affidavit denies same. *(See Plaintiff's Ex. N)* The transcript of the interaction between Ms. Taggert and Ryan Swinton conflicts with that of Ms. Taggert.  **(See Plaintiff's Ex. I)**  Further, Mr. Swinton purports that the video recording from the surveillance camera at the home of Mr. Swinton that Mr. Swinton wants to present to the court at a hearing does not support Ms. Taggert's affirmations. *(See Plaintiff's Ex. D)* In Defendants' Affidavit of Ms. Taggart, Dkt. 83.  Ms. Taggert purports to have served Mr. Swinton with the Notice on May 20, 2020 - two (2) days before the date of deposition that Defendants' counsel never conferred with Mr. Swinton or received confirmation from Mr. Swinton that he was available on that date.  ***Two (2) days notice does not satisfy the reasonable notice requirement.*** Mr. Swinton evidence suggests Mr. Swinton was never properly served the Notice and a valid Subpoena.  *(See Plaintiff's Ex. D, I)*

A hearing, as requested by Mr. Swinton *(See Plaintiff's Ex. D, H)*  may be necessary to determine the truthfulness of the Defendants' claims and the process server's attestations of attempted service against the challenge to valid service raised by Mr. Swinton.

**G. Mr. Swinton is not in contempt of and should not be sanctioned.**

There is no clear and convincing evidence that Mr. Swinton acted in "bad-faith".  "When there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power". Mr. Swinton, a non-party, has not violated any Court order or failed to permit discovery nor has he violated any Rule – especially a Rule that he did not receive notice of in a subpoena.  The court should not find that Mr. Swinton failed to appear for deposition dates in which he was neither properly noticed, nor provided a fee, nor served, nor properly served with a valid subpoena. Thus, Mr. Swinton was substantially justified in non-attendance or that other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b) (2).

**H.** **If the Motion to Compel is Denied, the Court Should Award Plaintiff Reasonable Expenses (Including Attorney's Fees).**

Here, Defendants' counsel failed to satisfy the "meet and confer" requirement for a motion to compel and failed to prove the merits of the motion. Rule 37 provides consequences for movants whose motion to compel is denied by the Court: If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's

fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(B). "The primary purpose of sanctions is to deter subsequent abuses." *Pajas v. Cty. of Monterey,* No. 16-CV-00945, 2017 WL 1408016, at *5 (N.D. Cal. Apr. 20, 2017) (citation omitted). The record reflects that Mr. Swinton has not abused any process.

Mr. Swinton, as a nonparty, the filing of Defendants' Motion to Compel is particularly unjustified considering Defendants' counsel did not attempt to meet and confer with Mr. Swinton, yet included numerous unsupported or demonstrably inaccurate assertions in their Motion to Compel, which the defendants did not serve Mr. Swinton.  The Defendants did not serve Mr. Swinton concomitantly with a notice and valid subpoena, which the Rules require for a non-party.  These flaws and omissions made it more difficult for the court to find otherwise. Likewise, Plaintiff was in a fiddly position, in that Mr. Swinton is her husband, whom she cannot speak for - and has made that position clear to Defendants - but attempted to assist in resolution of the issue between the Defendants and Mr. Swinton. *(See Plaintiffs' Ex. B, page 6, line 7)* Defendants' Motion to Compel was not "substantially justified."

Defendants' deficient Motion to Compel was not substantially justified because they failed to meet and confer, filed documents containing false statements

made by their process servers, issued an invalid subpoena, and attempted to serve an invalid subpoena. They are not entitled to the relief which they seek. Notably, if the Court denies Defendants' Motion to Compel, Defendants have the burden of demonstrating their motion was substantially justified. *Brown v. Hain Celestial Grp., Inc.,* No. 11-CV-03082, 2013 WL 5800566, at *5 (N.D. Cal. Oct. 28, 2013).

## I. Awarding of expenses to Plaintiff is not "unjust."

The award of expenses to Plaintiff would allow Plaintiff to recoup a portion of the substantial fees she has paid to respond to the Defendants' motion to compel. *(See Plaintiff's Invoices Plaintiffs' Ex. P, Q, R)* Given that Defendants' filing of the motion to compel,  has made Mr. Swinton into a cause célèbre and garnered social media publicity in the local football society, by doing so, and given that the actual record demonstrates that the Defendants' assertions about Mr. Swinton are without merit, awarding Plaintiffs' counsel reasonable fees for opposing the Motion to Compel is not unjust.

## IV. CONCLUSION

For the reasons stated above, and the exhibits filed herein, Plaintiff respectfully requests this Court deny Defendants' Motion to Compel, deny requests for sanctions, deny awarding fees to the Defendant's counsel, and the plaintiff requests an award of fees for expenses in having to respond to the Defendant's motion to compel, and for all other just relief.

Respectfully submitted,


<u>Teresa Bloodman #2005055</u>
Attorney for Plaintiff
P.O. Box 13641
Maumelle, AR 72113
(870) 550-1940 (Direct)
teresabloodman@yahoo.com