# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**PATRICIA WALKER-SWINTON**                                                                **PLAINTIFF**

**V.**                      **CASE NO. 4:18-CV-886 (KGB)**

**PHILANDER SMITH COLLEGE;**
**DR. RODERICK SMOTHERS; and**
**DR. ZOLLIE STEVENSON**                                          **DEFENDANTS**

## RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENAS, OR ALTERNATIVELY, FOR PROTECTIVE ORDER

Comes now Plaintiff, Patricia Walker-Swinton , by and through her attorney, Teresa Bloodman and responds in opposition to Defendant Philander Smith College's Motion to Quash Subpoenas, or Alternatively, for Protective Order, and states as follows:

1. Plaintiff admits this Court's Amended Final Scheduling Order was filed May 30, 2020.

2. On May 28, 2020, Defendant Dr. Zollie Stevenson's deposition was continued from an earlier date due to technical difficulties. During the deposition of Dr. Zollie Stevenson he disclosed that certain documents – discovery- was in the possession of specific departments with certain individuals. (*See Deposition of Dr. Zollie Stevenson,* **Plaintiff's Ex. 3, 4** ) As a result, on June 3, 2020, Plaintiff's counsel emailed defendants' counsel copies of subpoenas to be served. (**Plaintiff's Ex. 1**) The named Philander Smith College departments and or employees identified by defendant Zollie Stevenson during his deposition as having certain discovery in their possession were—Yolanda Watson, Brenda Martin, Brian Clay, Bertha Owens, and Dr. Lois Sheer—the subpoenas sought to command the production of a cumulative **71 documents**.;

1

3. Defendants had reasonable opportunity to produce subponeaed documents that on May 28, 2020, the defendant Dr. Zollie Stevenson testified under oath as existing and advised where the specific documents were located, and advised that Plaintiff can get then from the specific locations. **(See Stevenson's Deposition, Ex. 4)** Further, Defendants' counsel Witherspoon was advised during Stevenson's deposition that same would be subpoenaed and she did not object.. **(See Stevenson's Deposition, Ex. 4)** Therefore, for Defendants' counsel Witherspoon to file a motion to quash the specific documents which were announced for the first time as existing, by defendant Stevenson, during his deposition, is fallacious **(See Stevenson's Deposition, Ex. 4)**, Moreover, the subponead discovery has never been provided by the defendants or their counsel. within the motion to quash subponeas.

4. Plaintiff complied with Rule 45 Rule 45 of the Federal Rules of Civil Procedure. Plaintiff counsel served Defendants' counsel a copy of each subpoena prior to service. FED. R. CIV. P. 45(a)(4)**.** *(See Plaintiff's, Ex 1)* It is undeniable that Notice was given prior to service.

5. Plaintiff denies that On June 4, 2020, undersigned counsel transmitted its request that Plaintiff withdraw her Subpoenas, along with its preliminary written objections. **(Plaintiff's Ex. 10)**

6. Defendants' counsel did not seek to resolve this matter without the necessity of the Court's participation

7. Where the subpoena "fails to allow a reasonable time to comply," Rule 45 is clear: "the court must quash or modify [the] subpoena[.]" FED. R. CIV. P. 45(d)(3)(A)(i).

8. Plaintiff provided proper preservice notice, and the Subpoenas do not seek to impose an

undue burden on the College without affording a reasonable time to comply and produce documents which defendant Stevenson has asserted exists yet has not been produced — the Court should not sanction Plaintiff or the undersigned. Plaintiff has complied with Rule 45.

9. Defendants have violated Rule 26 and the existing Protective Order by not providing discovery in this matter.

10. Plaintiff requests that the motion to quash be denied. In the alternative, Plaintiff is unopposed to a protective order, in the event the Court would prefer to enter a protective order as to allow Plaintiff to receive discovery. Sanctions are not appropriate against Plaintiff and undersigned.

11. Plaintiff's Brief in Support of Opposition to Motion to Quash and Exhibits consisting of Excerpts from Depositions are attached and filed therein.

WHEREFORE, Plaintiff, respectfully requests that the Court deny the motion to quash each subpoena or alternatively enter a protective order. Plaintiff and undersigned have not violated any rules and should not be sanctioned, and grant all other just and proper relief that the Court deems appropriate.

Respectfully submitted,

Teresa Bloodman #200505
Attorney for Plaintiff
P.O. Box 13641
Maumelle, AR 72113
(870) 550-1940 Direct
teresabloodman@yahoo.com