IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PATRICIA WALKER-SWINTON            PLAINTIFF

V.          CASE NO. 4:18-CV-886 (KGB)

PHILANDER SMITH COLLEGE; AND
DR. RODERICK SMOTHERS, SR., PRESIDENT,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;
AND DR. ZOLLIE STEVENSON, JR.,
VICE-PRESIDENT, ACADEMIC AFFAIRS,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY          DEFENDANTS

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT PHILANDER SMITH COLLEGE'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**GENERAL OBJECTIONS:** Plaintiff hereby OBJECTS to PHILANDER SMITH COLLEGE'S Discovery on the grounds that said Discovery is overbroad, vague, overly burdensome, requests irrelevant, immaterial or inadmissible information or information protected by privilege, and/or contains multipart questions in violation of law, rule or regulation and responds as follows:

**REQUEST FOR PRODUCTION NO. 1:** Produce the documents in your possession, custody, or control that relate to, bear upon, or provide information with regard to each allegation set forth in your Complaint against Defendants.

**OBJECTION:** Plaintiff reiterates her General Objections and adds he objects on the grounds this Interrogatory requests information subject to privilege, including attorney work product.

**RESPONSE 1:** Without waiver of objection of privilege, **See Exhibits 1-38 attached.**

**RESPONSE 2:** Plaintiff is still gathering other documents and will submit within 10 days she retrieves and receives them.

**RESPONSE 3:** Plaintiff will seek subpoenas or affidavits of witnesses to these complaints where

1

PLAINTIFF'S EXHIBIT 17

documents are not available.

**REQUEST FOR PRODUCTION NO. 2:** Produce the documents you identified, relied on, or referred to in responding to Defendant Philander Smith College's First Set of Interrogatories.

**OBJECTION:** Plaintiff reiterates her General Objections and adds she objects on the grounds this interrogatory on the grounds that it has, in substance, been previously propounded in Interrogatories Number 1 and 2 and is therefore burdensome and harassing.

**OBJECTION:** Plaintiff reiterates her General Objections and adds she objects to this interrogatory on the grounds that duplication of the previously propounded requests would take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case.

**RESPONSE 1:** Without waiver of objection, See **Exhibits 1 – 32 attached.**

**RESPONSE 2:** Plaintiff is still gathering other documents and will submit within 10 days she retrieves and receives them.

**RESPONSE 3:** Plaintiff will seek subpoenas or affidavits of witnesses to these complaints where documents are not available.

**REQUEST FOR PRODUCTION NO. 3:** Produce any documents in your possession, custody, or control that reflect, refer, or relate to your employment with Philander Smith College, including but not limited to agreements, acknowledgements, training certificates, performance reviews, paystubs, job applications, emails, text messages, personnel file content, and journals that relate to your job performance, qualifications, employment, training, and termination.

**OBJECTION 1:** Plaintiff reiterates her General Objections and adds she objects to this request on grounds that it is vague and ambiguous including, but not limited to, the terms or phrases, reflect, refer, relate," thereby

2

preventing this responding party from providing an intelligible response.

**OBJECTION 2**: Plaintiff reiterates her General Objections and adds she objects to this request on the grounds the college should have a copy of all agreements, acknowledgements, training certificates, performance reviews, paystubs, job applications, emails, personnel file content, and journals that relate to my job performance, qualifications, employment, training, and termination because these documents should be in my employee file in the Human Resource Department.

**RESPONSE**: Plaintiff reserves the right to supplement this (and every other) Response. Without waiving any privilege, Plaintiff responds that documents in her possession are attached as **Exhibit 3.**

**RESPONSE**: Trainings, Degrees, and Professional Development Certificates are attached. **See Exhibit 3.**

**REQUEST FOR PRODUCTION NO. 4**: Produce each document that relates to, bears upon, or provides information regarding your communications with any current or former employee of Philander Smith College.

**OBJECTION 1:** Plaintiff reiterates her General Objections and adds she objects to this interrogatory on the grounds that it has, in substance, been previously propounded in Interrogatory Number 1 and is therefore burdensome and harassing.

**OBJECTION 2:** Plaintiff reiterates her General Objections and adds she objects to this request on the grounds that duplication of the previously propounded requests would take an unreasonable amount of time or money to fulfill in relation to the reasonable needs of the case.

**OBJECTION 3:** Plaintiff reiterates her General Objections and adds she objects to this request on grounds that it is vague and ambiguous including, but not limited to, the terms or phrases,

3

"communications" thereby preventing this responding party from providing an intelligible response.

**OBJECTION 4:** Plaintiff reiterates her General Objections and adds and adds she objects to this request on the grounds she does not have access to Philander Smith College's platform. The college has access to all of Plaintiff's emails prior to her termination and should review all emails available on Philander Smith College's platform.

**OBJECTION 5:** Plaintiff reiterates her General Objections and adds she objects to this request on the grounds does not have access to Philander Smith College's platform.

**OBJECTION 6:** Plaintiff reiterates her General Objections and adds she objects to this request on the grounds that it is burdensome and harassing as it seeks information or documents that are equally available to or already in the possession, custody, or control of the propounding party through Philander's email platform.

**RESPONSE:** Without waiver of Plaintiff's objection, **see Exhibit 1 attached.**

<u>**REQUEST FOR PRODUCTION NO. 5:**</u>  Produce any audio or video recordings, including telephone answering machine recordings, voice mails, or other messages without limitation, that you have (whether recorded by you or by others) of any conversation you assert supports your claims in this lawsuit, including conversations with any of the College's current or former employees and/or agents for the period of January 1, 2015 through the present.

**RESPONSE: See Exhibit 5.**

<u>**REQUEST FOR PRODUCTION NO. 6:**</u> Produce each document that relates to, bears upon, or provides information with regard to any alleged wrongdoing by Defendants, any of Philander Smith College's current or former employees, or any other claims or allegations that you have asserted in the Complaint regarding your employment with Philander Smith College.

4

**OBJECTION:** Plaintiff reiterates her General Objections and adds she objects to this request on the grounds that it has, in substance, been previously propounded in Interrogatory Number 1 and is therefore burdensome and harassing.

**RESPONSE:** Without waiver of objection, **see Exhibit 1.**

**REQUEST FOR PRODUCTION NO. 7:** Produce each document provided to or received from any expert witness, whether testifying or consulting, and all reports and other documents prepared, authored, or drafted by such expert witness, including the most recent *curriculum vitae*, for any expert you have retained or intend to call at the trial in this matter.

**OBJECTION:** Plaintiff reiterates her General Objections and adds she objects to the request on the grounds that it calls for an expert opinion and analysis that is not required to be disclosed at this point in the litigation.

**RESPONSE:** Without waiver of objection, Plaintiff responds that she has not secured an expert witness or consultant at this time.

**REQUEST FOR PRODUCTION NO. 8:** Produce each note, memorandum, log, diary, calendar, date book, phone list, organizational chart, tape recording, electronic mail, or voice mail that you created, received, or kept that relates to, describes, bears upon, or provides evidence with regard to your employment with Philander Smith College and/or the matters alleged in the Complaint.

**OBJECTION:** Plaintiff reiterates her General Objections and adds she objects to this request on the grounds that it has, in substance, been previously propounded in Request for Production 1 and Interrogatory Number 6 and is therefore burdensome and harassing.

**RESPONSE:** Without waiver of objection, I have provided a CD of an audio recording of the Incident in which I was attacked by a male student and emails related to that incident. **See Exhibit**

5

1, Exhibit 8.

**REQUEST FOR PRODUCTION NO. 9:** Produce each document that relates to or contains statements, opinions, or information of any person(s) who have knowledge or information (whether personal or first-hand or otherwise) concerning the facts or circumstances upon which you base the allegations set forth in the Complaint and any documents prepared by you or others that relate to those subjects, excluding any information protected from disclosure by the attorney-client privilege or work product doctrine. For any documents withheld on the basis of the attorney-client privilege or work product doctrine, please complete the Privilege Log.

**OBJECTION 1:** Plaintiff reiterates her General Objections and adds she objects to this request on the grounds that it has, in substance, been previously propounded in Request for Production 1 and Interrogatory Number 6 and is therefore burdensome and harassing.

**OBJECTION 2:** Plaintiff reiterates her General Objections and adds she objects the request is burdensome and harassing as it seeks information or

documents that are equally available to or already in the possession, custody, or control of the propounding party via Philander Smith College's platform.

**RESPONSE:** Without waiver of Plaintiff's objection, see Request for Production No. 1, **See Exhibit No. 1.**

**REQUEST FOR PRODUCTION NO. 10:** Produce each document that has been provided to and/or received from any and every federal, state, or local government agency that relate in any manner to your employment with Philander Smith College and/or the matters alleged in the Complaint.

**OBJECTION:** Plaintiff reiterates her General Objections and adds she objects the request on the grounds it is confusing she does not understand this question.

6

**RESPONSE:** Without waiver of objection, Plaintiff states that she does not know of any documents as such and this question will need to be clarified to state what specific documents being asked for.

**RESPONSE:** Without waiver of objection, Plaintiff see Request for Production No. 1, **See Exhibit No. 1.**

**REQUEST FOR PRODUCTION NO. 11:** Produce each document that relates to, bears upon, or provides evidence with regard to any injury, financial loss, and/or economic damage that you claim to have suffered as a result of the matters alleged in the Complaint.

**RESPONSE: See Exhibit 11.** (AR Heart Hospital bill, temporary contract for 2017-2018 and contract for 2018-2019 with PCSSD, UALR bill, UALR unofficial transcript)

**REQUEST FOR PRODUCTION NO. 12:** Produce each document that relates to, bears upon, or provides evidence with regard to any other damages you claim to have suffered as a result of the matters alleged in the Complaint.

**OBJECTION:** Plaintiff reiterates her General Objections and adds she objects to this request on the grounds that it has, in substance, been previously propounded in Request for Production 11.
**RESPONSE:** Without waiver of objection, **See Exhibit 11.**

**REQUEST FOR PRODUCTION NO. 13:** Produce each bill, invoice, statement, accounting, or other requests for payment, together with all attachments and supporting documentation, reflecting charges or expenses attributable to or for the time or services of any expert who may be called as a witness at trial as well as all receipts for costs incurred in bringing this lawsuit.

**RESPONSE:** I have not hired an expert at this time.

**REQUEST FOR PRODUCTION NO. 14:** Produce all documents relating to your

7

on the grounds Plaintiff does not have offer letters, pay stubs, payroll deposit records from 2015 to the present outside of Philander.

**RESPONSE:** Without waiver of objection, Plaintiff states that she can only access payroll checks for her current job. The most recent one is attached. **See Exhibit 15 and 20b.**

c. Any other documents related to any monies received from whatever source or service for the period January 1, 2015, to the present, including unemployment benefits, workers' compensation benefits, long term disability, social security and pension benefits, or welfare benefits that are not reflected in prior documents.

**OBJECTION 1:** Plaintiff reiterates her General Objections and adds she objects to this request on the grounds that it improperly and prematurely seeks to discover the financial condition of the Plaintiff or the profits that the Plaintiff has gained by conduct without having first obtained a court order permitting such discovery and/or without establishing liability for punitive damages.

**OBJECTION 2:** Plaintiff reiterates her General Objections and adds she objects to this request on the grounds this request to the extent it seeks information or documents that are irrelevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

**OBJECTION 3:** Plaintiff reiterates her General Objections and adds she objects to this request on the grounds Overbroad in time and scope. Responding party objects to the request on the grounds that it is overbroad as to time and without reasonable limitations in its scope, and therefore seeks information irrelevant to the subject matter of this litigation and is burdensome and oppressive.

**RESPONSE:** Without waiver of objection, Plaintiff states that there are no known such documents available.

**REQUEST FOR PRODUCTION NO. 21:** To the extent not produced in